ROBERT SIBILIA S.B.N. 126979
Oceanside Law Center
P.O. Box 861
Oceanside, CA 92049
Tel: (760) 666-1151
Fax: (818) 698-0300
Email: robert@oceansidelawcenter.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

RONDA LUFT,

        Plaintiff,

    vs.

EXPERIAN INFORMATION
SOLUTIONS, INC.; and WEBBANK,

        Defendants.

) CASE NO. 8:22-cv-936-DOC-DFM
)
)
)
)
)
)
)
)
)

**Plaintiff's Opposition to Defendant WebBank's Motion to Dismiss, or Alternatively, Counter-Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406**

Page **1** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

## Table of Contents

INTRODUCTION ...................................................................................- 5 -

ARGUMENT ........................................................................................- 6 -

**A. Personal Jurisdiction** ...............................................................- 6 -

**B. Plaintiff has Stated a Claim under the FCRA**...................................- 10 -

1. The Inaccuracy on the Credit Report is the Result of Defendant's Reporting ......................................................................................- 11 -

2. The Pleadings Adequately Infer that Experian Gave Notice of the Dispute to WebBank ...........................................................................- 16 -

**C. Alternatively, the Case Should be Transferred Pursuant to 28 U.S.C. § 1406** .................................................................................................- 18 -

CONCLUSION ...................................................................................- 19 -

Page **2** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

## Table of Authorities

**Cases**

AMA Multimedia, LLC v. Wanat, 970 F.3d 1201 (9th Cir. 2020)..................- 18 -

Ashcraft v. Welk Resort Group, 2021 U.S. Dist. LEXIS 46723 (D. Nev. Mar. 12, 2021) ......................................................................................- 11 -, - 15 -

Baker v. Capital One Bank, 2006 U.S. Dist. LEXIS 62053 (D. Ariz. Aug. 29, 2006) ............................................................................................- 14 -

Banks v. ACS Educ., 638 F. App'x 587 (9th Cir. 2016) ...............................- 17 -

Banneck v. HSBC Bank USA, N.A., 2016 U.S. Dist. LEXIS 79980 (N.D. Cal. June 20, 2016)...............................................................................- 14 -

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)...............................................................................................- 16 -

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).......................................................- 7 -, - 8 -, - 9 -, - 10 -

Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984) ........- 8 -

CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066 (9th Cir. 2011).......- 7 -

Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270 (9th Cir. 1979)... - 18 -

Coulter v. Chase Bank USA, N.A., 2020 U.S. Dist. LEXIS 179895 (E.D.Pa. Sept. 30, 2020) .................................................- 12 -, - 13 -, - 14 -, - 15 -

Doe v. Am. Nat'l Red Cross, 112 F.3d 1048 (9th Cir. 1997) ...........................- 6 -

Drew v. Equifax Info. Servs., LLC, 690 F.3d 1100 (9th Cir. 2012)................- 16 -

Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) - 18 -

Page **3** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

Haws v. Santander Consumer USA, Inc., 2019 U.S. Dist. LEXIS 235167 (N.D. Ga. Oct. 18, 2019) ...................................................................- 13 -

Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)..................................................................- 6 -

Johnson v. US Bank Home Mortg., 2020 U.S. Dist. LEXIS 216894 (N.D. Ill. Nov. 19, 2020) ...................................................................- 14 -

Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)...................................................................- 7 -

Lang v. TCF Nat'l Bank, 249 F. App'x 464 (7th Cir. 2007) ...........................- 17 -

Picot v. Weston, 780 F.3d 1206 (9th Cir. 2015) ...............................................- 7 -

Schilling v. JPMorgan Chase & Co., 2017 U.S. Dist. LEXIS 62856 (W.D. Wash. Apr. 25, 2017)...................................................................- 17 -

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 (9th Cir. 2004) .......- 6 -

Shaffer v. Heitner, 433 U.S. 186, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977) ......- 7 -

Toliver v. Experian Info. Solutions, Inc., 973 F. Supp. 2d 707 (S.D. Tex. Sept. 19, 2013) ...................................................................- 13 -, - 14 -

Travelers Health Assn. v. Virginia, 339 U.S. 643, 70 S. Ct. 927, 94 L. Ed. 1154 (1949)...................................................................- 10 -

Walden v. Fiore, 571 U.S. 277, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) - 7 -, - 8 -

William Morris Endeavor Entm't, LLC v. Writers Guild of Am., W., Inc., 432 F. Supp. 3d 1127 (C.D. Cal. 2020) ...................................................................- 12 -

Page **4** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

## **INTRODUCTION**

Plaintiff Ronda Luft ("Plaintiff"), by and through counsel, hereby submits this Opposition to Defendant Webbank ("Defendant")'s Motion to Dismiss. In the alternative, Plaintiff respectfully requests that the Court transfer venue to the Eastern District of Washington pursuant to 28 U.S.C. § 1406(a).

Defendant's motion argues two grounds for dismissal: lack of personal jurisdiction and failure to state a claim. However, this Court does have jurisdiction over Defendant, as it purposefully and affirmatively credit reported to Experian in California, which caused the current claim to arise. Further, Defendant's reporting is the cause of Plaintiff's inaccurate *credit report*, and Defendant cannot rely on the Automated Consumer Dispute Verification ("ACDV") form, as the law focuses on what is present on the credit report. Case law also affirmatively finds that furnishers are responsible for the Date of Status and First Reported Date.

Alternatively, should the Court find that Defendant's conduct and contacts in California are not enough to sustain personal jurisdiction, Plaintiff respectfully requests that the Court transfer venue to the Eastern District of Washington, a venue in which the action could have been brought.

Page **5** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

## ARGUMENT

Plaintiff makes three arguments: this Court maintains personal jurisdiction over Defendant; Plaintiff's allegations are sufficient to state a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"); and, alternatively, venue should be transferred.

### A. Personal Jurisdiction

This Court maintains personal jurisdiction over Defendant. There are two recognized bases for exercising jurisdiction over a nonresident defendant: general jurisdiction; and specific jurisdiction, which arises when a defendant's specific contact with the forum give rise to the claim in question. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050-51 (9th Cir. 1997). The Plaintiff "need only make a prima facie showing of jurisdictional facts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The court must accept as true uncontroverted allegations in the complaint and construe any conflict in the parties' declarations in the plaintiff's favor. *Id.* Here, Plaintiff has made a showing of specific jurisdiction.

The inquiry whether a forum state may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775,

Page **6** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984) (*quoting Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977)). The Ninth Circuit employs a three-part test for assessing whether courts can exercise specific personal jurisdiction: 1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; 2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and 3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). The plaintiff bears the burden of proving the first two prongs. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011). Then, the burden shifts to the defendant to set forth a compelling case that the exercise of jurisdiction would not be reasonable. *Picot*, 780 F.3d at 1212.

The Supreme Court has "upheld the assertion of jurisdiction over defendants who have purposefully 'reach[ed] out beyond' their State and into another by, for example, entering a contractual relationship that 'envisioned continuing and wide-reaching contacts' in the forum State." *Walden v. Fiore*, 571 U.S. 277, 285, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479-80, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). "To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties.

Page **7** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id*. at 286.

*Calder v. Jones* "illustrates the application of these principles." *Id*. (*citing Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)). In *Calder*, a California resident brought a libel suit against a reporter and editor, both of whom worked for a magazine in Florida. The Court found that the forum contacts were sufficient for jurisdiction where defendants received phone calls from "California sources" for the information, they wrote the story that was circulated in California, and the "brunt" of the injury was suffered in California by the plaintiff. 465 U.S. at 788-789. "The strength of the connection was largely a function of the nature of the libel tort." *Walden*, 571 U.S. at 287. "Indeed, because publication to third persons is a necessary element of libel . . . the defendants' intentional tort actually occurred *in* California." *Id*.

In *Burger King*, the Supreme Court upheld standing based on a long-term contract between defendant and the corporate office in Florida. There, the defendant "most certainly knew he was affiliating himself with an enterprise based primarily in Florida." 471 U.S. at 480. The Supreme Court also noted a "continuous course of direct communications by mail and by telephone" between defendant and the forum state. *Id*. at 481. "It is these factors – prior negotiations and contemplated future consequences, along with the terms of the contract and

Page **8** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

the parties' actual course of dealing – that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." *Id*. at 479.

This case is similar. Here, the strength of Defendant's connection is a function of the FCRA claim. Like in *Calder*, essential elements are dependent on Defendant's conduct with Experian in California. Plaintiff disputed the alleged inaccuracy by letter to Experian. Defendant received the dispute from Experian, a corporation in California.[1] Defendant continued to report inaccurate information back to Experian. Because the FCRA claim demands a publication of information from a furnisher to a consumer reporting agency, just as libel requires a publication, Defendant's violation actually occurred in California according to the pleadings.

Thus, California is an essential piece of the FCRA claim. Moreover, the claim would not exist in the first place *but for* WebBank affirmatively reporting inaccurate information in the first place to Experian, via an apparent contract between the two. Like in *Burger King*, this contract to furnish information to Experian regarding *all* of WebBank's customers clearly "envisioned continuing

---

[1] Although not specifically pleaded, this fact is heavily implied in the Complaint, which does allege that Plaintiff disputed the inaccuracy to Experian, and then that Defendant Webbank failed to conduct a reasonable investigation of that same dispute. Because Experian is headquartered in California, as alleged in the Complaint, the inference is that Experian forwarded the dispute from California on to Defendant in Utah, triggering substantial actions that make up the cause of action here, to have occurred in California. *See infra*.

Page **9** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

and wide-reaching contacts in the forum State." Defendant itself admits that it has customers in California, and continually reports to Experian regarding its customers. *See Burger King*, 471 U.S. at 476 (*citing Travelers Health Assn. v. Virginia*, 339 U.S. 643, 648, 70 S. Ct. 927, 94 L. Ed. 1154 (1949)) (where defendant "has created 'continuing obligations' between himself and residents of the forum"). Where a contract with another party leads to long-term and exacting regulation of a business activity, such as Experian's regulation of furnishers, the "quality and nature" of a contractual relationship can in no sense be viewed as "random, "fortuitous,"" or "attenuated." *Id*. at 480 (citations omitted).

Defendant's pursuit of contacts in California, and its affirmative reporting to Experian, a California entity, gave rise to the current FCRA claim. Thus, the first two prongs of the specific jurisdiction analysis are fulfilled. Further, it cannot be said that it is unfair or unreasonable for WebBank to be sued in California. Indeed, WebBank is (or has been) involved in approximately 34 other actions in California federal courts as a defendant. For these reasons, like the defendants in *Calder* and *Burger King*, the Court here maintains specific jurisdiction over Defendant.

**B. Plaintiff has Stated a Claim under the FCRA**

Defendant presents two arguments that Plaintiff has failed to state a claim under the FCRA. First, Defendant claims that it does not report the allegedly

Page **10** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

inaccurate information. Second, Defendant argues that Plaintiff failed to plead that WebBank received notice of the dispute from Experian. Both arguments are easily dismissed.

1. The Inaccuracy on the Credit Report is the Result of Defendant's Reporting

Experian will be the first entity to say that it only reports information that it receives from its furnishers. Defendant attempts to argue that the inaccuracy required under the statute must be present in the ACDV, but this is not true. The inaccuracy must be present in the credit report, in order to be misleading to creditors. *See Ashcraft v. Welk Resort Group*, 2021 U.S. Dist. LEXIS 46723 (D. Nev. Mar. 12, 2021) (Plaintiff "must demonstrate that the wrong status date appeared on a consumer report that Experian prepared about him."). Thus, the blank ACDV form provided by Defendant proves nothing. Here, the fields appear in the credit report, and case law finds that the furnishers can be liable and responsible for those fields.

Preliminarily, to help support its argument, Defendant attaches a blank ACDV form, and a declaration of Kelly Gray. None of these can be used on a motion to dismiss. As Defendant cites, to be considered on a motion, documents may be considered if "the plaintiff has alleged the existence of the materials in the complaint or the complaint 'necessarily relies' on the materials." *William*

Page **11** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

*Morris Endeavor Entm't, LLC v. Writers Guild of Am., W., Inc.*, 432 F. Supp. 3d 1127, 1135 (C.D. Cal. 2020). The ACDV should be excluded because the Complaint does not mention the ACDV, nor does it rely on a blank ACDV, as the blank ACDV form does not provide any information about what Defendant *actually* reported.[2] Moreover, the Gray Declaration and the facts recited therein cannot be considered. Gray attempts to testify as to facts regarding ACDV forms, the Metro 2 format for reporting, and the Credit Reporting Resource Guide ("CRRG"). But these are additional facts outside of the pleadings that have not been relied upon in the Complaint. Nowhere in the complaint does Plaintiff mention an ACDV, Metro-2, or the CRRG. This is besides the fact that all of those facts are irrelevant, as the Metro-2 and CRRG has no precedential authority. *See Coulter v. Chase Bank USA, N.A.*, 2020 U.S. Dist. LEXIS 179895, at *24-25 (E.D.Pa. Sept. 30, 2020) (adherence to the CRRG and industry guidelines does not shield a furnisher from FCRA liability). Because these facts are not in the complaint, nor relied upon in the complaint, they cannot be considered at this stage. As such, the Court cannot consider these extraneous documents and the Court must rely on the allegations in the Complaint.

---

[2] Perhaps if Defendant provided an ACDV with the information it *actually* furnished in response to Plaintiff's dispute, it would arguably be able to be considered and imminently more telling.

Page **12** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

Here, accepting Plaintiff's allegations as true, Plaintiff has properly alleged that Defendant's "erroneous reporting to Experian resulted in the date change." Complaint, ¶ 18. It is noteworthy that Plaintiff does not allege that Defendant actually reported an incorrect status date or first reported date, but that its reporting "resulted" in the date change. There are many data fields that are provided by furnishers, which Experian utilizes to create the Date of Status. Erroneous transmissions in other data fields directly impact the date of status. As such, Defendant's outside references are irrelevant.

The only relevant item is what appears on the Experian credit report to creditors. Looking at numerous credit reports that have appeared in other cases, the "Date of Status" and the "First Reported Date" are proven fields on an Experian credit report. *See Coulter*, 2020 U.S. Dist. LEXIS 179895, at *6 ("Experian . . . has a data field labeled 'Date of Status' on its consumer disclosures."); *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 725 (S.D. Tex. Sept. 19, 2013) ("Immediately beneath the "First reported" entry on Toliver's Experian credit report is an entry titled "Date of status."). A demonstrative report is shown below from *Haws v. Santander Consumer USA, Inc.*, 2019 U.S. Dist. LEXIS 235167, at *4 (N.D. Ga. Oct. 18, 2019).

Page **13** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

As the Court can clearly see, the Date of Status and First Reported dates are indeed fields on an Experian report.

As the fields are present on the Experian report, case law finds support for the position that a furnisher is at least partly responsible for those fields. In *Toliver*, the court found that it was reasonable for Experian to "rely on LVNV to provide accurate information for the 'Date of Status' entry." 973 F. Supp. 2d at 728; *see also Banneck v. HSBC Bank USA, N.A.*, 2016 U.S. Dist. LEXIS 79980, at *28 (N.D. Cal. June 20, 2016) ("Experian also contends that HSBC was responsible for reporting the date [of status] error . . . ."). Other furnishers have also attempted to argue that they do not furnish the "Date of Status" and cannot be liable. These arguments have also failed. In *Coulter*, the defendant argued on summary judgment that "it is well known in the credit industry that furnishers, like Chase, do not furnish a 'Date of Status." *See Coulter*, 2020 U.S. Dist. LEXIS 179895, at *26. But then, the court noted, Chase conceded "that it originates the information which led to Plaintiff's Date of Status reporting as July 2017." *Id.* at *28; *Baker v. Capital One Bank*, 2006 U.S. Dist. LEXIS 62053, at

Page **14** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

*15 (D. Ariz. Aug. 29, 2006) ("Capital One has failed to show as a matter of law that it accurately reported [the Date of status].");  *see also Johnson v. US Bank Home Mortg.*, 2020 U.S. Dist. LEXIS 216894 (N.D. Ill. Nov. 19, 2020) ("The court therefore credits Johnson's allegations [against the furnisher] that the Date of Status and First Reported date must be static in order to remain accurate.").

Indeed, many cases explain the discrepancy quite adeptly, pointing out that the "balance date" or "Date of Account Information" ("DOAI"), which *is* listed on an ACDV form, corresponds to and informs Experian's status date. *See id*. at *27-28 (where the "Balance Date" reported on the account, which corresponds to the status date, was incorrectly reported, "in simpler terms, the balance date of the DOAI should correspond to the date the account reached the status it is currently in."); *Ashcraft*, 2021 U.S. Dist. LEXIS 46723, at *22-23 ("Experian, in fact, provides evidence to support its theory that [the furnisher] furnished the wrong status date when it listed '5-16-2016' in the 'date of account information' on its response form."). Although it is not certain here exactly what Defendant was reporting, it is at least plausible that some other information it was furnishing, such as the balance date or the date of account information, was affecting the inaccurate Date of status and the First reported date. And these errors were not resolved after Plaintiff's dispute, based on the allegations pleaded.

Page **15** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

For these reasons, it is abundantly clear that Plaintiff's FCRA claims of WebBank providing inaccurate information regarding the dates in the complaint are plausible and survive a motion to dismiss. As Plaintiff alleged, and case law agrees, Defendant's erroneous reporting plausibly resulted in an inaccurate or misleading date on the credit report.

2. <u>The Pleadings Adequately Infer that Experian Gave Notice of the Dispute to WebBank</u>

Furnisher duties under the FCRA are only triggered "after 'receiving notice pursuant to' § 1681i(a)(2), under which a CRA provides a 'notification' to a furnisher which includes 'all relevant information' regarding the dispute." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106 (9th Cir. 2012). Here, taking the inferences in the Complaint in favor of Plaintiff, she has sufficiently alleged that Experian provided notice of the dispute to Defendant.

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Here, Plaintiff alleged that she disputed the WebBank account to Experian in a letter dated March 20th, 2020. Complaint, ¶ 15. Plaintiff then alleged that, in response to the dispute, the dates on the account were changed. Complaint, ¶ 16. Plaintiff alleged that WebBank's erroneous reporting to

Page **16** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

Experian resulted in the date change. Complaint, ¶ 18. Finally, Plaintiff alleges that WebBank failed to conduct a reasonable investigation. Although not totally explicit, it is clear Plaintiff alleges that WebBank received the dispute, and in response, failed to conduct a reasonable investigation (of the dispute that was only sent to Experian), and erroneously reported dates in response to the dispute. Taking all inferences in favor of the Plaintiff, Plaintiff has satisfactorily pleaded that Experian forwarded the dispute to WebBank, which caused it to undertake an unreasonable investigation and change the dates. *See Lang v. TCF Nat'l Bank*, 249 F. App'x 464, 466-67 (7th Cir. 2007) (plaintiff who alleged generally that furnisher failed to investigate or correct error after a dispute was sufficient and noting that a consumer may not be in a position to directly allege that notification); *Banks v. ACS Educ.*, 638 F. App'x 587, 590 (9th Cir. 2016) (plaintiff must, "at a minimum, [] allege factual content showing . . . that he communicated his disputes to the credit reporting agencies ("CRAs").");  *Schilling v. JPMorgan Chase & Co.*, 2017 U.S. Dist. LEXIS 62856, at *22-24 (W.D. Wash. Apr. 25, 2017).

To the extent the Court desires the Complaint to be entirely explicit, the omission is easily cured and Plaintiff respectfully requests leave to amend the Complaint.

Page **17** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

**C. Alternatively, the Case Should be Transferred Pursuant to 28 U.S.C. § 1406**

Alternatively, should the Court find that it lacks personal jurisdiction over the Defendant, Plaintiff respectfully requests that the Court transfer the case to the Eastern District of Washington pursuant to 28 U.S.C. § 1406.

A "court that lacks personal jurisdiction over a defendant may transfer the case to another district court where the case 'could have been brought.'" *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1216 (9th Cir. 2020) (Ikura, J., concurring) (*citing* 28 U.S.C. § 1406(a)); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) ("dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in thinking that the respondent corporations could be 'found' or that the 'transact . . . business' in the Eastern District of Pennsylvania."). "Weighing of the factors for and against transfer involves subtle considerations . . . best left to the discretion of the trial judge." *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

First, it is not disputed that the case *could* have been brought in the Eastern District of Washington. Plaintiff is a resident of Spokane, Washington, in the Eastern District. Complaint, ¶ 1. Defendant concedes that conduct occurred in

Page **18** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

Washington, this includes the initiation of the dispute and the injury. Def. Motion, p. 10. Defendant also allegedly extended credit to Plaintiff in Washington, which is the account at issue. Complaint, ¶ 11. As such, it cannot be denied that the Eastern District of Washington would have personal jurisdiction over Defendant in this case. Next, in the interest of justice, the case should be transferred instead of dismissed. As in *Goldlawr*, Plaintiff's claim at this time would be barred by the statute of limitations if outright dismissed. Because the dispute letter here dates to March 2020, and the FCRA has a two-year statute of limitations, it is now past the statute. As such, in the interest of justice, and deciding cases on the merits instead of a judicial technicality, the case should be transferred instead of dismissed.

For these reasons, solely if the Court does not find that it has personal jurisdiction over Defendant in this Court, Plaintiff respectfully requests that the case be transferred pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

This Court maintains jurisdiction of Defendant under Supreme Court precedent, as Defendant has reached out to California and established ties with the state sufficient to hale Defendant into Court here. In the alternative, Plaintiff respectfully asks the Court to transfer venue to the Eastern District of Washington in the interest of justice.

Page **19** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

As to the merits, Defendant's arguments fail. Defendant attempts to confuse the Court by introducing a declaration full of facts that are not even touched upon by the Complaint. These cannot be considered. Even if they were considered, case law does not allow Defendant to disavow responsibility because it is not known yet exactly what Defendant reported that caused the inaccuracy. Plaintiff has alleged a plausible claim under the FCRA.

Dated this 7th day of July, 2022.

Respectfully Submitted,

/s/ Robert Sibilia
ROBERT SIBILIA S.B.N. 126979
Oceanside Law Center
P.O. Box 861
Oceanside, CA 92049
Tel: (760) 666-1151
Fax: (818) 698-0300
Email: robert@oceansidelawcenter.com
Attorney for Plaintiff

Page **20** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2022 a true and correct copy of the foregoing document was sent to all counsel of record via the Court's ECF system.


/s/ Robert Sibilia

ROBERT SIBILIA, Esq.

Page **21** of **21**
Luft v. Webbank and Experian Info. Sols. Inc.
8:22-cv-936-DOC-DFM
Opposition to Defendant's Motion to Dismiss