Matthew D. Clark, WSBA No. 39514
FAEGRE DRINKER BIDDLE & REATH LLP
1470 Walnut Street, Suite 300
Boulder, CO 80302
Phone: (303) 447-7727
Fax:    (303) 447-7800
Email: matthew.clark@faegredrinker.com

**Agent for Service:**
CT Corporation
Service Agent for Matthew D. Clark
520 Pike St, Suite 985
Seattle, WA 98101-1366

Adam J. Pabarcus
(*pro hac vice* pending)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-8990
Fax:    (612) 766-1600
Email:  adam.pabarcus@faegredrinker.com

*Attorneys for Defendant*

*WEBBANK*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONDA LUFT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WEBBANK; and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>　　　　　Defendants. | Case No. 2:22-cv-00182-MKD<br><br>WEBBANK'S AMENDED MOTION TO DISMISS<br><br>10/7/2022<br>Without Oral Argument |

WEBBANK'S AMENDED MOTION TO DISMISS - 1
CASE NO. 2:22-CV-00182-MKD

**Introduction**

Plaintiff Ronda Luft's ("Plaintiff") claims against Defendant WebBank ("WebBank") must be dismissed for lack of subject-matter jurisdiction and standing under Article III of the U.S. Constitution and the Federal Rules of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claim against WebBank under California's Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act") should be dismissed on two grounds. First, Plaintiff lacks standing to bring such a claim such that there is no subject-matter jurisdiction under Rule 12(b)(1). Plaintiff is a resident of Washington, resided in Washington during all the relevant times, and alleges that she was injured in Washington. WebBank is a Utah corporation. A Washington resident lacks standing to sue a Utah corporation for activity that occurred in Washington under California's Rosenthal Act. Second, Plaintiff fails to state a claim under Rule 12(b)(6) as it relates to the Rosenthal Act because she is beyond the one-year statute of limitations.

Next, Plaintiff's claim against WebBank under the Fair Credit Reporting Act ("FCRA") should be dismissed under Rule 12(b)(6) because the information that she alleges was inaccurately or incompletely reported is not information that WebBank was required to or did report. WebBank is not liable for information it did not furnish. For all these reasons, the Court should dismiss Plaintiff's claims against WebBank with prejudice.

WEBBANK'S AMENDED MOTION TO DISMISS - 2
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

**Factual Background**

### A.    The parties

Plaintiff, during all relevant times, resided in Spokane, Washington. (ECF No. 1-1 at 6.) WebBank is a corporation that regularly conducts business in the State of Washington and has its corporate headquarters in Salt Lake City, Utah. (*Id.*) Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in the State of Washington and has its principal place of business in Costa Mesa, California. (*Id.*)

### B.    Procedural Posture

Plaintiff filed her Complaint in the Superior Court of the State of California in Orange County on March 3, 2022. (ECF No. 1-1 at 5, 13.) Plaintiff's Complaint alleged four counts: Count I for alleged violations of the FCRA by WebBank; Count II for alleged violations of the FCRA by Experian; Count III for alleged violations of the Rosenthal Fair Debt Collection Practices Act under California Civil Code §§ 1788.17 by WebBank; and Count IV for alleged violations of the Rosenthal Act by Experian. (*Id.* at 9–12.)

Defendant Experian timely removed the matter to the United States District Court Central District of California on May 6, 2022, to which WebBank joined and consented. (ECF No. 1; ECF No. 1-2 at 28.) WebBank timely filed its motion to dismiss for lack of personal jurisdiction and failure to state a claim. (ECF No. 12-2 at 66.)

On July 26, 2022, the Court granted WebBank's motion to dismiss for lack of personal jurisdiction, but without jurisdiction, left consideration of the motion to

WEBBANK'S AMENDED MOTION TO DISMISS - 3
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

dismiss the FCRA claim to this Court. (ECF No. 26 at 162.) For its amended motion to dismiss, WebBank removed its personal jurisdiction argument as the California Court granted that portion of the motion, and it included argument for dismissal of the Rosenthal Act claim due to lack of subject matter jurisdiction because there is no standing and failure to state a claim upon which relief can be granted. WebBank brings the same motion to dismiss the FCRA claim because the California court lacked the jurisdiction to reach the merits of that claim.

**C.    Plaintiff alleges that "Date of Status" and "First Reported Date" were reported inaccurately or incompletely.**

Plaintiff incurred a personal debt on her WebBank Fingerhut Account (the "Account") on or about November 2014. (*Id.* at 7.) As a result, WebBank reported the Account to the Credit Reporting Agencies ("CRA") and it appeared as a tradeline on Plaintiff's credit report. (*Id.* at 8.) Plaintiff alleges that when reviewing her Experian credit report, she noticed that the "Date of Status" for her Account was reporting as more recent than previously reported, despite no change in the Account's status. (*Id.*) Plaintiff alleges that she sent a letter to Experian dated March 20, 2020, in which she disputed the information regarding her WebBank account. (*Id.*) In response to her dispute letter, Plaintiff alleges that the "Date of Status" for her Account was changed to February 2017 when it should have been years earlier. (*Id.*)

Plaintiff further alleges that the "First Reported Date" for her Account was also inaccurately reported. (*Id.*) Plaintiff alleges that despite her dispute letter,

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

WebBank and Experian did not change or fix the information in violation of the FCRA and Rosenthal Act.

**D.      WebBank doesn't report on "Date of Status" or "First Reported Date."**

WebBank does not provide information to Experian or any CRA regarding "Date of Status" or "First Reported Date." There are two primary ways in which WebBank provides CRAs with information about a consumer. (ECF No. 12-4 at 91–92.) First, when WebBank receives a dispute related to a particular customer, it confirms information as required by statute through an automated consumer dispute verification ("ACDV") form. (*Id.*) Second, WebBank participates in industry standard reporting through the monthly "Metro 2" reporting system. (*Id.*)

**E.      The ACDV and Metro 2 forms do not include fields for "Date of Status" or "First Reported Date."**

When consumers submit a dispute letter to a CRA, furnishers such as WebBank receive an ACDV form from the CRA to verify certain information. (*Id.* at 92.) WebBank receives the ACDV through an automated system called e-OSCAR, which is available for use by all data furnishers. (*Id.*)

Attached is a blank ACDV form. (ECF No. 12-3 at 87.) The CRA completes the first half of the ACDV, which is the "request data" and the boxes shaded in white. (ECF No. 12-4 at 92.) The furnisher then conducts its investigation and verifies the information or makes any corrections in the "response data" fields, which are the

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

boxes shaded in grey. (*Id.*) As can be seen from the ACDV, there are no boxes or fields for "Date of Status" or "First Reported Date." (*Id.*)

Much of the information that a furnisher provides when completing an ACDV is similar to the information from the Metro 2 form. (*Id.*) To assist data furnishers—which includes WebBank as an issuer of credit—with the process of complying with the FCRA, the credit reporting industry through the Consumer Data Industry Association has adopted a standard electronic reporting format called the Metro 2 format ("Metro 2"). (*Id.*; *see also* Metro 2 Format for Credit Reporting, Consumer Data Industry Association (May 11, 2022), https://www.cdiaonline.org/resources/furnishers-of-data-overview/metro2-information/.)

The Metro 2 reporting format is accepted by all CRAs, and it meets all requirements for data furnishers under the FCRA. (ECF No. 12-4 at 92.) The consumer information that data furnishers provide to CRAs through the Metro 2 includes over forty-five separate fields. The Metro 2 form does *not* have a reporting field for "Date of Status" or "First Reported Date." (*Id.* at 93.) WebBank submitted monthly Metro 2 forms to the CRAs related to Plaintiff's Account. (*Id.*)

## **Discussion**

**I.    Plaintiff's claim under California's Rosenthal Act against WebBank must be dismissed.**

The Court should dismiss Count III of the Complaint against WebBank for alleged violations of California's Rosenthal Act because Plaintiff lacks Article III standing to bring such a claim as a resident of Washington, and because Plaintiff did

WEBBANK'S AMENDED MOTION TO DISMISS - 6
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

not file her claim within the one-year statute of limitations. Either basis is independently sufficient to dismiss the claim under the Rosenthal Act.

**A.    The Court lacks subject-matter jurisdiction related to the claim under the Rosenthal Act because Plaintiff, as a Washington resident, does not have standing to bring a California claim.**

If a court determines that it lacks subject-matter jurisdiction at any time, it must dismiss the action. Fed. R. Civ. P. 12(b)(1) & 12(h)(3). Article III, § 2 of the Constitution provides that federal courts have jurisdiction over disputes only if they present a "case" or "controversy." *Flynn v. Burlington N. Santa Fe Corp. (BSNF)*, 98 F.Supp.2d 1186, 1190 (E.D. Wash. 2000). This is a "bedrock requirement." *Id.*, citing *Valley Ford Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). "One element of the case-or-controversy requirement is that Plaintiffs, based on their complaint, must establish that they have standing to sue." *Id.* The courts have noted that standing is "perhaps the most important of [the jurisdictional] doctrines." *Id.*, citing *Allen v. Wright*, 468 U.S. 737, 750 (1984).

To meet the standing requirement of Article III, a plaintiff must allege facts to show jurisdiction. *Id.* "On a motion to dismiss for lack of standing, the Court must accept as true the material allegations of the complaint and construe the complaint in favor of the Plaintiffs." *Id.* To establish standing, a Plaintiff must meet three elements. First, the plaintiff must have suffered an "injury in fact," which is "an invasion of a legally protected interest" that is concrete and particularized and actual or imminent as opposed to conjectural or hypothetical. *Lujan v. Defenders of*

WEBBANK'S AMENDED MOTION TO DISMISS - 7
CASE NO. 2:22-CV-00182-MKD

*Wildlife*, 504 U.S. 555, 560 (1992). Second, there must be a causal connection between the injury and the conduct complained of. *Id.* Third, it must be "likely" as opposed to merely "speculative" that the injury will be redressed by a favorable decision. *Id.* at 561.

Here, Plaintiff fails to establish the first element of injury in fact of a protected interest because she resides in the State of Washington but has brought a claim under a California statute. A plaintiff lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured. *Jones v. Micron Tech. Inc.*, 400 F.Supp. 897, 908 (N.D. Cal. 2019) (collecting cases from within the Ninth Circuit examining standing in the context of class action lawsuits). Stated differently, a plaintiff has standing to assert state-law claims only from the state in which the plaintiff resides or was injured. *See id.* Here, Plaintiff resided in the State of Washington during all the relevant times, and she was allegedly injured within the State of Washington. Plaintiff therefore lacks standing to bring a claim under California's Rosenthal Act. The Court should therefore dismiss Count III against WebBank for alleged violations of California's Rosenthal Act under Rule 12(b)(1) because it lacks standing.

**B.    Plaintiff fails to state a claim under the Rosenthal Act because she did not bring her claim within the one-year statute of limitations.**

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, [that states] 'a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

WEBBANK'S AMENDED MOTION TO DISMISS - 8
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because a Rule 12(b)(6) motion focuses on the sufficiency of the claim instead of the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide the motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The court must accept all material allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, a court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678.

The statute of limitations to bring a claim under the Rosenthal Act is one year. Cal. Civ. Code § 1788.30(f) ("Any action under this section may be brought in any appropriate court of competent jurisdiction in an individual capacity only, within *one year* from the date of the occurrence of the violation." (Emphasis added)); Cal. Civ. Code § 1788.17 (applying remedies from 15 U.S.C. § 1692k); 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought . . . within *one year* from the date on which the violation occurs." (Emphasis added)). Here, Plaintiff alleges that she disputed the information in her credit report with Experian in a letter dated March 20, 2020. (ECF No. 1-1 at 8.) Following her dispute letter, Plaintiff alleges that WebBank refused to conduct a reasonable investigation. (*Id.*) Plaintiff then alleges that she requested Experian to reinvestigate, which it failed to do. (*Id.*) The alleged violation of the Rosenthal Act occurred on

WEBBANK'S AMENDED MOTION TO DISMISS - 9
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

March 20, 2020, so Plaintiff had until March 20, 2021 to file her claim. Plaintiff filed her Complaint on March 1, 2022. Because Plaintiff was almost a year late in filing her claim under California's Rosenthal Act, the Court should dismiss the claim against WebBank.

*    *    *    *    *

The Court should dismiss Plaintiff's Rosenthal Act claim against WebBank on either one of two grounds, either of which is sufficient by itself to dismiss the claim. First, the Court lacks subject-matter jurisdiction because Plaintiff does not have standing as a Washington resident, who was allegedly injured within Washington, to bring a California state claim against WebBank, a Utah corporation. The Court should therefore dismiss the Rosenthal Act claim under Rule 12(b)(1) for lack of standing. Second, Plaintiff failed to bring the Rosenthal Act claim within the one-year statute of limitations. She alleged that the violation occurred on March 20, 2020, but she filed her complaint on March 1, 2022, well beyond the one-year deadline. The Court should therefore dismiss the claim under the Rosenthal Act under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.    Plaintiff failed to state a claim against WebBank under the FCRA.

The Court should dismiss Count I of the Complaint against WebBank for alleged violations of the FCRA because WebBank does not report the information about which Plaintiff alleges was incorrectly reported. As established above, a Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro*, 250 F.3d at 732. If the court considers evidence outside the pleadings when ruling on a motion to dismiss, it must ordinarily convert the motion into a motion for summary judgment.

WEBBANK'S AMENDED MOTION TO DISMISS - 10
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

Fed R. Civ. P. 12(d); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court "may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if . . . the document forms the basis of the plaintiff's claim." *Id.* "Facts contained in public records are considered appropriate subjects of judicial notice." *Metropolitan Creditors' Trust v. Pricewaterhousecoopers, LLP*, 463 F.Supp.2d 1193, 1197 (E.D. Wash. 2006).

The Court should dismiss Plaintiff's FCRA claim against WebBank under Rule 12(b)(6) for failure to state a claim. 15 U.S.C. § 1681s-2(b) sets forth the responsibilities of furnishers of information to consumer reporting agencies upon notice of a dispute. "To activate those duties, the consumer must dispute information on their credit report with a credit reporting agency." *Ali v. Long Beach Acceptance Corp.*, No. CIV-F-07-1062 AWI SMS, 2007 WL 3335015, at *4 E.D. Cal. Nov. 9, 2007); *Perez v. Medicredit*, Case No. SACV 18-2283JVS(JDEx), 2019 WL 3063514, at *3 (C.D. Ca. Mar. 14, 2019) (same). "The credit report agency must then investigate by giving notice to the information provider of all relevant information regarding the dispute." *Ali*, 2007 WL 3335015, at *4 (citing 15 U.S.C. § 1681i(a)). "Once the information provider receives that notice, Section 1681s-2(b) duties attach." *Id.* Under § 1681s-2(b), the furnisher of the disputed information has four duties:

WEBBANK'S AMENDED MOTION TO DISMISS - 11
CASE NO. 2:22-CV-00182-MKD

[1] to conduct an investigation with respect to the disputed information;

[2] to review all relevant information provided by the [credit reporting agency]; [3] to report the results of its investigation to the [credit reporting agency]; and [4] if the investigation finds the information is incomplete or inaccurate to report those results to all nationwide consumer reporting agencies to which the person furnished the information.

*Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (citing 15 U.S.C. § 1681s-2(b)) (internal quotation marks and alteration omitted). To state a claim under § 1681s-2(b),

[1] a party must allege (with sufficient detail to give a responding party notice of the substance of the claim) the nature of the credit report inaccuracy; [2] that they disputed the credit report item with a credit report agency; [3] that the information provider received notice from the credit report agency of the dispute; and [4] that the information provider then failed to fulfill one or more of the duties listed in Section 1681s-2(b).

*Ali*, 2007 WL 3335015, at *4; *Perez*, 2019 WL 3063514, at *3 (same).

Here, Plaintiff failed to state a claim under the FCRA in two ways, either of which by themselves is sufficient to dismiss for failure to state a claim. First, under the first element, Plaintiff has not sufficiently plead the nature of the credit report inaccuracy with sufficient detail as it applies to WebBank. Second, under the third element, Plaintiff failed to plead that WebBank received notice from Experian of the

WEBBANK'S AMENDED MOTION TO DISMISS - 12
CASE NO. 2:22-CV-00182-MKD

dispute. The Court should therefore dismiss the FCRA claim against WebBank on either ground.

### A.     Plaintiff fails to state a claim against WebBank under the FCRA because WebBank does not report the information she asserts is inaccurate.

Plaintiff fails to state a claim against WebBank because the information that she asserts was inaccurately reported is not on the ACDV form or any other credit reporting form submitted by WebBank. Courts have held that as a predicate showing, a plaintiff must establish the existence of inaccurate or incomplete information. *Scharer v. OneWest Bank, FSB*, Case No. CV 13-80 DSF (AGRx), 2014 WL 12558124, at *5 (C.D. Cal. Sept. 8, 2014) ("[I]t is difficult to see how a plaintiff could establish damages absent a showing of actual inaccuracy."); *see also Chiang v Verizon New England Inc.*, 595 F.3d 26, 37 (1st Cir. 2010) ("We hold that plaintiffs suing furnishers under § 1681s-2(b) must make the same showing [of actual inaccuracy on reinvestigation.]"); *Molina v. Synchrony Bank/Walmart*, Case No. EDCV 17-1464 JGB (JEMx), 2018 WL 2721903, at *4 (C.D. Cal. Apr. 17, 2018) ("This Court finds these reasons [provided in *Scharer* and *Chiang*] persuasive and also concludes Plaintiff must raise a genuine issue of fact as to whether Synchrony furnished incomplete or inaccurate information to withstand summary judgment."). The existence of inaccurate or incomplete information is another element a plaintiff must plead with sufficient facts when bringing a claim under Section 1681s-2(b) to survive a motion to dismiss. Here, the information that Plaintiff pleads is inaccurate

WEBBANK'S AMENDED MOTION TO DISMISS - 13
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

is not even reported by WebBank. Thus, she does not state a claim that there is any possibility of proving should the case move forward.

Because Plaintiff does not assert that WebBank furnished any inaccurate information, she fails to meet the first element in a claim under the FCRA as to WebBank. Specifically, Plaintiff asserts that the "Date of Status" was reporting "as more recent dates than previously reported." (ECF No. 1-1 at 8.) Plaintiff further alleges that WebBank inaccurately reported the "First Reported Date." (*Id.*) Neither of these are categories of information WebBank is required to report on an ACDV, or any other report form.[1] (ECF No. 12-4 at 92.) On the ACDV, there is no box to report "Date of Status" or "First Reported Date," nor are these terms defined in the standard Credit Reporting Resource Guide. (*Id.*; ECF No. 12-3 at 87.) WebBank never furnished this information, because it was not required to do so. Because WebBank did not furnish the information Plaintiff asserts is inaccurate, Plaintiff fails to sufficiently plead the first element for a claim under the FCRA. The Court should

---

[1] The Court may consider a blank ACDV form as part of this motion to dismiss without converting it into a summary judgment motion because Plaintiff has made it a part of the Complaint when she provided the procedures by which CRAs and furnishers report information about consumers under the FCRA. *See* ECF No. 1-1 at 6–7; *William Morris Endeavor Entm't, LLC v. Writers Guild of Am., W., Inc.*, 432 F.Supp.3d 1127, 1135 (C.D. Cal. 2020). Additionally, the Court may consider the blank ACDV form as part of this motion to dismiss because it is not in dispute and Plaintiff necessarily relies on it because the ACDV form is the source of liability for furnishers under the FCRA. *See id.*; *Lee*, 250 F.3d at 688.

WEBBANK'S AMENDED MOTION TO DISMISS - 14
CASE NO. 2:22-CV-00182-MKD

therefore dismiss Plaintiff's FCRA claim under Rule 12(b)(6) for failure to state a claim as to WebBank.

### B.    Plaintiff fails to state a claim against WebBank under the FCRA because she does not allege that WebBank received notice of the dispute from Experian.

Plaintiff's FCRA claim against WebBank also fails to state a claim because Plaintiff never alleges that WebBank received notice of the dispute from the credit reporting agency. The third element to state a claim under § 1681s-2(b) is that the information provider received notice from the credit report agency of the dispute. *Ali*, 2007 WL 3335015, at *4; *Perez*, 2019 WL 3063514, at *3 (same). Here, Plaintiff asserts that she submitted a dispute letter to Experian on March 20, 2020. (ECF No. 1-1 at 8.) But there is no allegation that WebBank ever received notice from Experian of the dispute. Because Plaintiff failed to allege facts necessary to satisfy the third element of an FCRA claim, the Court should dismiss the claim as to WebBank. *See Perez*, 2019 WL 3063514, at *3 ("[Plaintiff] must allege that he disputed the credit report item with a credit report agency <u>and</u> that [the furnisher] received notice <u>from the credit reporting agency</u> of the dispute." (Emphasis in original)).

### Conclusion

For the foregoing reasons, the Court should dismiss the claims against WebBank with prejudice because amending the Complaint would be futile. First, the Court should dismiss the claim under the Rosenthal Act because Plaintiff lacks standing as a Washington resident to bring a California claim, and because Plaintiff failed to bring her claim within the one-year statute of limitations. Second, Plaintiff

WEBBANK'S AMENDED MOTION TO DISMISS - 15
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO  80302
+1 303 447 7700

fails to state a claim under the FCRA because WebBank does not furnish the information she asserts is inaccurate. For all these reasons, the Court should dismiss the Complaint against WebBank with prejudice.

Dated: August 16, 2022                    Respectfully submitted,

                                          FAEGRE DRINKER BIDDLE & REATH LLP


                                          By: */s/ Matthew D. Clark*
                                              Matthew D. Clark

                                          Attorneys for Defendant
                                          WEBBANK

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

# CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

Dated: August 16, 2022

*/s/ Matthew D. Clark*
Matthew D. Clark, WSBA #39514
Attorney for WebBank
Faegre Drinker Biddle & Reath LLP
1470 Walnut Street, Suite 300
Boulder, CO 80302
Phone: (303) 447-7700
Fax: (303) 447-7800
Email: matthew.clark@faegredrinker.com

**Agent for Service:**
CT Corporation
Service Agent for Matthew D. Clark
520 Pike St, Suite 985
Seattle, WA 98101-1366

WEBBANK'S AMENDED MOTION TO DISMISS - 17
CASE NO. 2:22-CV-00182-MKD