Nicholas Linker, Esq. (pro hac vice)
Zemel Law LLC
660 Broadway
Paterson, New Jersey 07514
T: 862-227-3106
NL@zemellawllc.com
Attorney for Plaintiff

Joshua Randall Trigsted, Esq.
Trigsted Law Group PC
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
T: 888-247-4126 x1
Josh@tlgconsumerlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONDA LUFT,<br><br>    Plaintiff<br><br>  v.<br><br>WEBBANK; and EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation,<br><br>    Defendants. | Case No.: 2:22-cv-182-MKD |

## Plaintiff's Opposition to Defendant WebBank's Amended Motion to Dismiss

**Table of Contents**

INTRODUCTION ...............................................................................................- 4 -

ARGUMENT.....................................................................................................- 4 -

  **A.    Plaintiff has Stated a Claim under the FCRA**...........................................- 4 -

    1.    The Inaccuracy on the Credit Report is the Result of Defendant's Reporting...........- 4 -

    2.    The Pleadings Adequately Infer that Experian Gave Notice of the Dispute to

    WebBank .................................................................................................- 8 -

CONCLUSION.................................................................................................- 10 -

**Table of Authorities**

**Cases**

Ali v. Long Beach Acceptance Corp., 2007 U.S. Dist. LEXIS 85852 (E.D. Cal. Nov. 8, 2007). - 5 -

Ashcraft v. Welk Resort Group, 2021 U.S. Dist. LEXIS 46723 (D. Nev. Mar. 12, 2021) . - 5 -, - 8 -

Baker v. Capital One Bank, 2006 U.S. Dist. LEXIS 62053 (D. Ariz. Aug. 29, 2006)............- 8 -

Banks v. ACS Educ., 638 F. App'x 587 (9th Cir. 2016) .........................................................- 9 -

Banneck v. HSBC Bank USA, N.A., 2016 U.S. Dist. LEXIS 79980 (N.D. Cal. June 20, 2016) - 7 -

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ........- 9 -

Coulter v. Chase Bank USA, N.A., 2020 U.S. Dist. LEXIS 179895 (E.D.Pa. Sept. 30, 2020) - 6 -, - 7 -, - 8 -

Drew v. Equifax Info. Servs., LLC, 690 F.3d 1100 (9th Cir. 2012).......................................- 9 -

Haws v. Santander Consumer USA, Inc., 2019 U.S. Dist. LEXIS 235167 (N.D. Ga. Oct. 18, 2019)...................................................................................................................................- 7 -

Johnson v. US Bank Home Mortg., 2020 U.S. Dist. LEXIS 216894 (N.D. Ill. Nov. 19, 2020)- 8 -

Lang v. TCF Nat'l Bank, 249 F. App'x 464 (7th Cir. 2007)..................................................- 9 -

Schilling v. JPMorgan Chase & Co., 2017 U.S. Dist. LEXIS 62856 (W.D. Wash. Apr. 25, 2017)...................................................................................................................................- 10 -

Toliver v. Experian Info. Solutions, Inc., 973 F. Supp. 2d 707 (S.D. Tex. Sept. 19, 2013)....- 7 -

William Morris Endeavor Entm't, LLC v. Writers Guild of Am., W., Inc., 432 F. Supp. 3d 1127 (C.D. Cal. 2020) ......................................................................................................- 5 -

**INTRODUCTION**

Plaintiff Ronda Luft ("Plaintiff"), by and through counsel, hereby submits this Opposition to Defendant Webbank ("Defendant")'s Motion to Dismiss.

Defendant argues mainly that it is not liable for information it did not furnish. But the allegations, taken as true, are that Defendant *did* furnish the information. Defendant's attempts to contradict the pleadings involve the introduction of evidence outside the pleadings, which cannot be considered at this stage. Even considering Defendant's inappropriate submissions, the "evidence" is inconclusive. Case law finds that furnishers are responsible for the accurate reporting of a status date. Even if the information is not present on a dispute response, it is still present on a credit report and drawn from the information that *is* present on a response.

As such, Plaintiff has competently pleaded that Defendant furnished inaccurate information, and competently pleaded that the CRA forwarded the dispute to Defendant. Plaintiff's FCRA claims are well-pleaded and must survive Defendant's motion to dismiss.[1]

**ARGUMENT**

**A.  Plaintiff has Stated a Claim under the FCRA**

Defendant presents two arguments that Plaintiff has failed to state a claim under the FCRA. First, Defendant claims that it does not report the allegedly inaccurate information. Second, Defendant argues that Plaintiff failed to plead that WebBank received notice of the dispute from Experian. Both arguments are easily dismissed.

1.  The Inaccuracy on the Credit Report is the Result of Defendant's Reporting

Experian will be the first entity to say that it only reports information that it receives from its furnishers. Defendant attempts to argue that the inaccuracy required under the statute must be

---

[1] Defendant also moves to dismiss Plaintiff's Rosenthal Act claims. As this claim is no longer in a California jurisdiction, Plaintiff does not oppose Defendant's motion regarding these claims.

present in the ACDV, but this is not true. The inaccuracy must be present in the *credit report*, in order to be misleading to creditors. *See Ashcraft v. Welk Resort Group*, 2021 U.S. Dist. LEXIS 46723 (D. Nev. Mar. 12, 2021) (Plaintiff "must demonstrate that the wrong status date appeared on a consumer report that Experian prepared about him."). Defendant even cites to this same notion. *See* Def. Brief [ECF 31] (*citing Ali v. Long Beach Acceptance Corp.*, 2007 U.S. Dist. LEXIS 85852 (E.D. Cal. Nov. 8, 2007) ("the consumer must dispute information on their credit report . . . ."). Thus, the blank ACDV form provided by Defendant proves nothing. Here, the fields appear in the credit report, and case law finds that the furnishers can be liable and responsible for those fields.

Preliminarily, to help support its argument, Defendant attaches a blank ACDV form, and a declaration of Kelly Gray. [ECF 12-4]. None of these can be used on a motion to dismiss. As Defendant cites, to be considered on a motion, documents may be considered if "the plaintiff has alleged the existence of the materials in the complaint or the complaint 'necessarily relies' on the materials." *William Morris Endeavor Entm't, LLC v. Writers Guild of Am., W., Inc.*, 432 F. Supp. 3d 1127, 1135 (C.D. Cal. 2020). The ACDV should be excluded because the Complaint does not mention the ACDV, nor does it rely on a blank ACDV, as the blank ACDV form does not provide any information about what Defendant *actually* reported.[2] Moreover, the Gray Declaration and the facts recited therein cannot be considered. Gray attempts to testify as to facts regarding ACDV forms, the Metro 2 format for reporting, and the Credit Reporting Resource Guide ("CRRG"). But these are additional facts outside of the pleadings that have not been relied upon in the Complaint. Nowhere in the complaint does Plaintiff mention an ACDV, Metro-2, or

---

[2] Perhaps if Defendant provided an ACDV with the information it *actually* furnished in response to Plaintiff's dispute, it would arguably be able to be considered and imminently more telling.

the CRRG. This is besides the fact that all of those facts are irrelevant, as the Metro-2 and CRRG has no precedential authority. *See Coulter v. Chase Bank USA, N.A.*, 2020 U.S. Dist. LEXIS 179895, at *24-25 (E.D.Pa. Sept. 30, 2020) (adherence to the CRRG and industry guidelines does not shield a furnisher from FCRA liability). Because these facts are not in the complaint, nor relied upon in the complaint, they cannot be considered at this stage. As such, the Court cannot consider these extraneous documents and the Court must rely on the allegations in the Complaint.

Here, accepting Plaintiff's allegations as true, Plaintiff has properly alleged that Defendant's "erroneous reporting to Experian resulted in the date change." Complaint, ¶ 18. It is noteworthy that Plaintiff does not allege that Defendant actually reported an incorrect status date or first reported date, but that its reporting "resulted" in the date change. There are many data fields that are provided by furnishers, which Experian utilizes to create the Date of Status. Erroneous transmissions in other data fields directly impact the date of status. As such, Defendant's outside references are irrelevant.

The only relevant item is what appears on the Experian credit report to creditors. Looking at numerous credit reports that have appeared in other cases, the "Date of Status" and the "First Reported Date" are proven fields on an Experian credit report. *See Coulter*, 2020 U.S. Dist. LEXIS 179895, at *6 ("Experian . . . has a data field labeled 'Date of Status' on its consumer disclosures."); *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 725 (S.D. Tex. Sept. 19, 2013) ("Immediately beneath the "First reported" entry on Toliver's Experian credit report is an entry titled "Date of status."). A demonstrative report is shown below from *Haws v. Santander Consumer USA, Inc.*, 2019 U.S. Dist. LEXIS 235167, at *4 (N.D. Ga. Oct. 18, 2019).

As the Court can clearly see, the Date of Status and First Reported dates are indeed fields on an Experian report.

As the fields are present on the Experian report, case law finds support for the position that a furnisher is at least partly responsible for those fields. In *Toliver*, the court found that it was reasonable for Experian to "rely on LVNV to provide accurate information for the 'Date of Status' entry." 973 F. Supp. 2d at 728; *see also Banneck v. HSBC Bank USA, N.A.*, 2016 U.S. Dist. LEXIS 79980, at *28 (N.D. Cal. June 20, 2016) ("Experian also contends that HSBC was responsible for reporting the date [of status] error . . . ."). Other furnishers have also attempted to argue that they do not furnish the "Date of Status" and cannot be liable. These arguments have also failed. In *Coulter*, the defendant argued on summary judgment that "it is well known in the credit industry that furnishers, like Chase, do not furnish a 'Date of Status." *See Coulter*, 2020 U.S. Dist. LEXIS 179895, at *26. But then, the court noted, Chase conceded "that it originates the information which led to Plaintiff's Date of Status reporting as July 2017." *Id.* at *28; *Baker v. Capital One Bank*, 2006 U.S. Dist. LEXIS 62053, at *15 (D. Ariz. Aug. 29, 2006) ("Capital One has failed to show as a matter of law that it accurately reported [the Date of status]."); *see also Johnson v. US Bank Home Mortg.*, 2020 U.S. Dist. LEXIS 216894 (N.D. Ill. Nov. 19, 2020) ("The court therefore credits Johnson's allegations [against the furnisher] that the Date of Status and First Reported date must be static in order to remain accurate.").

Indeed, many cases explain the discrepancy quite adeptly, pointing out that the "balance date" or "Date of Account Information" ("DOAI"), which *is* listed on an ACDV form, corresponds to and informs Experian's status date. *See id.* at *27-28 (where the "Balance Date" reported on the account, which corresponds to the status date, was incorrectly reported, "in simpler terms, the balance date of the DOAI should correspond to the date the account reached the status it is currently in."); *Ashcraft*, 2021 U.S. Dist. LEXIS 46723, at *22-23 ("Experian, in fact, provides evidence to support its theory that [the furnisher] furnished the wrong status date when it listed '5-16-2016' in the 'date of account information' on its response form."). Although it is not certain here exactly what Defendant was reporting, it is at least plausible that some other information it was furnishing, such as the balance date or the date of account information, was affecting the inaccurate Date of status and the First reported date. And these errors were not resolved after Plaintiff's dispute, based on the allegations pleaded.

For these reasons, it is abundantly clear that Plaintiff's FCRA claims of WebBank providing inaccurate information regarding the dates in the complaint are plausible and survive a motion to dismiss. As Plaintiff alleged, and case law agrees, Defendant's erroneous reporting plausibly resulted in an inaccurate or misleading date on the credit report.

2. The Pleadings Adequately Infer that Experian Gave Notice of the Dispute to WebBank

Furnisher duties under the FCRA are only triggered "after 'receiving notice pursuant to' § 1681i(a)(2), under which a CRA provides a 'notification' to a furnisher which includes 'all relevant information' regarding the dispute." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106 (9th Cir. 2012). Here, taking the inferences in the Complaint in favor of Plaintiff, she has sufficiently alleged that Experian provided notice of the dispute to Defendant.

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Here, Plaintiff alleged that she disputed the WebBank account to Experian in a letter dated March 20th, 2020. Complaint, ¶ 15. Plaintiff then alleged that, in response to the dispute, the dates on the account were changed. Complaint, ¶ 16. Plaintiff alleged that WebBank's erroneous reporting to Experian resulted in the date change. Complaint, ¶ 18. Finally, Plaintiff alleges that WebBank failed to conduct a reasonable investigation. Although not totally explicit, it is clear Plaintiff alleges that WebBank received the dispute, and in response, failed to conduct a reasonable investigation (of the dispute that was only sent to Experian), and erroneously reported dates in response to the dispute. Taking all inferences in favor of the Plaintiff, Plaintiff has satisfactorily pleaded that Experian forwarded the dispute to WebBank, which caused it to undertake an unreasonable investigation and change the dates. *See Lang v. TCF Nat'l Bank*, 249 F. App'x 464, 466-67 (7th Cir. 2007) (plaintiff who alleged generally that furnisher failed to investigate or correct error after a dispute was sufficient and noting that a consumer may not be in a position to directly allege that notification); *Banks v. ACS Educ.*, 638 F. App'x 587, 590 (9th Cir. 2016) (plaintiff must, "at a minimum, [] allege factual content showing . . . that he communicated his disputes to the credit reporting agencies ("CRAs")."); *Schilling v. JPMorgan Chase & Co.*, 2017 U.S. Dist. LEXIS 62856, at *22-24 (W.D. Wash. Apr. 25, 2017).

To the extent the Court desires the Complaint to be entirely explicit, the omission is easily cured and Plaintiff respectfully requests leave to amend the Complaint.

## CONCLUSION

Defendant attempts to confuse the Court by introducing a declaration full of facts that are not even touched upon by the Complaint. These cannot be considered. Even if they were considered, case law does not allow Defendant to disavow responsibility because it is not known yet exactly what Defendant reported that caused the inaccuracy. As it stands in the complaint, Plaintiff has alleged a plausible claim under the FCRA by alleging that Defendant's reporting resulted in the inaccuracy.

Dated this 28th day of October, 2022.

Respectfully Submitted,

/s/ Nicholas Linker
Nicholas Linker, Esq. (pro hac vice)
Zemel Law LLC
660 Broadway
Paterson, New Jersey 07514
T: 862-227-3106
NL@zemellawllc.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2022 a true and correct copy of the foregoing document was sent to all counsel of record via the Court's ECF system.

/s/ Nicholas Linker

Nicholas Linker, Esq.