Matthew D. Clark, WSBA No. 39514
FAEGRE DRINKER BIDDLE & REATH LLP
1470 Walnut Street, Suite 300
Boulder, CO 80302
Phone: (303) 447-7727
Fax:    (303) 447-7800
Email: matthew.clark@faegredrinker.com

**Agent for Service:**
CT Corporation
Service Agent for Matthew D. Clark
520 Pike St, Suite 985
Seattle, WA 98101-1366

Adam J. Pabarcus
(*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-8990
Fax:    (612) 766-1600
Email:  adam.pabarcus@faegredrinker.com

*Attorneys for Defendant*

*WEBBANK*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONDA LUFT,<br><br>            Plaintiff,<br><br>      v.<br><br>WEBBANK; and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>            Defendants. | Case No. 2:22-cv-00182-MKD<br><br>WEBBANK'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS<br><br>12/02/2022<br>Without Oral Argument |

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO  80302
+1 303 447 7700

**Introduction**

Plaintiff Ronda Luft's ("Plaintiff") claims against Defendant WebBank ("WebBank") must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). First, Plaintiff does not oppose WebBank's motion to dismiss her claim under California's Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"). The Court should therefore grant the motion to dismiss the Rosenthal Act claim.

Second, Plaintiff's claim against WebBank under the Fair Credit Reporting Act ("FCRA") should be dismissed under Rule 12(b)(6) because the information that she alleges was inaccurately or incompletely reported is not information that WebBank was required to or did report. WebBank is not liable for information it did not furnish. Additionally, Plaintiff failed to state the element that WebBank received notice from the credit reporting agency of the dispute. For all these reasons, the Court should dismiss Plaintiff's claims against WebBank with prejudice.

**Discussion**

**I.     Plaintiff does not oppose WebBank's motion to dismiss the Rosenthal Act claim, and it should be dismissed.**

Plaintiff attempted to bring a claim under California's Rosenthal Act by erroneously filing the case in California, where there was no personal jurisdiction over WebBank. In a footnote, Plaintiff states that she does not oppose WebBank's motion to dismiss the Rosenthal Act claim (Plt's Br. 4, n.1), which the Court should therefore grant.

WEBBANK'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 2
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

**II.     Plaintiff failed to state a claim against WebBank under the FCRA.**

Plaintiff's arguments that she stated a claim under the FCRA fail. As a preliminary issue, Plaintiff argues that the blank ACDV form and the declaration from Kelly Gray cannot be considered as part of this motion to dismiss, arguing that these materials were not relied upon in the Complaint. Although Plaintiff never used the specific terms "ACDV" or "Metro 2 forms" in the Complaint, she necessarily relies upon these forms, as they are the only ways in which WebBank, as a furnisher, submits information to Experian. (*See*, ECF No. 31 at fn 1.) Additionally, the blank ACDV form is available to all data furnishers, and the Court may take judicial notice of it as a public record. (*Id.*) Therefore, the Court should consider the blank ACDV form and the information in the declaration of Kelly Gray.

**A.     Plaintiff fails to identify the information she alleges WebBank incorrectly reported and misconstrues the caselaw.**

Plaintiff fails to state a claim upon which relief can be granted under the FCRA because the information she asserts was inaccurately reported is not reported by WebBank. Based on the allegations in the Complaint, Plaintiff asserts that the only information that was incorrectly reported was the "Date of Status" and "First Reported Date." (Compl. ¶¶ 14, 17.) As shown through the ACDV, WebBank doesn't report any of this information, and Plaintiff agreed that WebBank doesn't report this information. She pivots and argues that Experian uses the many data fields reported by furnishers to create the Date of Status. (ECF No. 38 at 6.) But she cannot say what information WebBank may have reported that led to the incorrect reporting by Experian, only that it was "some other information." (*Id.* at 8.) This is insufficient

WEBBANK'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 3
CASE NO. 2:22-CV-00182-MKD

to state a claim against WebBank. The elements under § 1681s-2(b) include the requirements that WebBank investigate the "disputed information," and review "all relevant information provided." WebBank cannot possibly investigate disputed information if Plaintiff doesn't even know what information that might be. Plaintiff failed to state a claim under the FCRA against WebBank, and the claim should be dismissed.

Plaintiff's response is significant for an additional reason. Experian is gathering information, processing it in some way, and then creating their own reports. WebBank is not responsible and has no control over how Experian collects, uses, makes conclusions based on information, and ultimately reports information on *its* credit reports. Plaintiff's admission that WebBank doesn't report the information that she alleges is incorrect should end the analysis.

All the caselaw cited by Plaintiff is distinguishable, because in those cases, and contrary to the facts here, the plaintiffs alleged the exact information that the furnishers incorrectly reported. In *Banneck v. HSBC*, Experian contended that HSBC incorrectly reported the date of a short sale, which contributed to the incorrect reporting of the "date of status" by Experian. *Banneck v. HSBC Bank USA, N.A.*, Case No. 15-c-02250-HSG, 2016 WL 3383960, at *8 (N.D. Cal. June 20, 2016). In *Coulter v. Chase Bank USA*, the plaintiff began by asserting generally that the "date of status" was incorrectly reported, but clarified that Chase Bank, as the furnisher, misreported the "date of account information," upon which Experian relied. *Coulter v. Chase Bank USA, N.A.*, Civil Action No. 18-1538, 2020 WL 5820700, at *10 (E.D. Pa. Sept. 30, 2020). In *Baker v. Capital One*, the bank incorrectly reported the

WEBBANK'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 4
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

date of the bankruptcy. *See Baker v. Capital One Bank*, No. CV 04-01192-PHX-NVW, 2007 WL 9724064, at *3 (D. Ariz. Jan. 8, 2007) (summarizing the earlier summary judgment decision). And in *Johnson v. US Bank Home Mortgage*, plaintiff alleged that U.S. Bank incorrectly reported the charge-off date. *Johnson v. US Bank Home Mortg.*, 20 C 3433, 2020 WL 6801847, at *1 (N.D. Ill. Nov. 19, 2020).

In those cases, the plaintiffs identified specific information that the furnisher incorrectly reported to the credit reporting agency, which in turn contributed to the incorrect reporting of the "Date of Status" by the credit reporting agency. In contrast, Plaintiff cannot identify any information that WebBank allegedly incorrectly reported. Without any allegations that WebBank reported any information incorrectly, Luft fails to state a claim against WebBank.

**B.    Plaintiff admits that she did not allege the necessary element that WebBank received notice of the dispute from Experian.**

Plaintiff concedes that she failed to plead that WebBank received notice of the dispute from the credit reporting agency. A necessary element to state a claim under § 1681s-2(b) is that the furnisher received notice from the credit reporting agency of the dispute. 15 U.S.C. § 1681s-2(b)(1); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (stating that the obligations under § 1681s-2(b) "are triggered 'upon notice of dispute'—that is, when a person who furnishes information to a CRA receives notice from the CRA that the consumer disputes the information"). Plaintiff admits that this allegation was "not totally explicit" and was an "omission." (Plt's Br. 9.) As such, she failed to plead a necessary element to state a claim under the FCRA as to WebBank. The Court should deny the request for leave

WEBBANK'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 5
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

to amend because such an amendment would be futile given the other deficiencies discussed above.

### Conclusion

For the foregoing reasons, the Court should dismiss the claims against WebBank with prejudice because amending the Complaint would be futile. First, the Court should dismiss the claim under the Rosenthal Act because Plaintiff has no standing to bring the claim and does not oppose dismissal. Second, Plaintiff fails to state a claim under the FCRA because WebBank does not furnish the information she asserts is inaccurate. For all these reasons, the Court should dismiss the Complaint against WebBank with prejudice.

Dated: November 7, 2022

Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP


By: */s/ Matthew D. Clark*
Matthew D. Clark

Attorneys for Defendant
WEBBANK

WEBBANK'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 6
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

Dated: November 7, 2022

*/s/ Matthew D. Clark*
Matthew D. Clark, WSBA #39514
Attorney for WebBank
Faegre Drinker Biddle & Reath LLP
1470 Walnut Street, Suite 300
Boulder, CO 80302
Phone: (303) 447-7700
Fax: (303) 447-7800
Email: matthew.clark@faegredrinker.com

**Agent for Service:**
CT Corporation
Service Agent for Matthew D. Clark
520 Pike St, Suite 985
Seattle, WA 98101-1366

WEBBANK'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 7
CASE NO. 2:22-CV-00182-MKD