FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONDA LUFT,<br><br>       Plaintiff,<br><br> v.<br><br>WEBBANK; EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>       Defendants. | No.  2:22-CV-00182-MKD<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WEBBANK'S AMENDED MOTION TO DISMISS<br><br>**ECF No. 31** |

Before the Court is Defendant WebBank's ("WebBank") Amended Motion

to Dismiss, ECF No. 31.  Plaintiff's Complaint alleges that both WebBank and

Defendant Experian Information Solutions, Inc. ("Experian") violated the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and California's

Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil

Code § 1788.17.  WebBank argues that Plaintiffs' claims against it should be

dismissed for lack of subject-matter jurisdiction and for failure to state a claim.

ORDER - 1

For the reasons stated herein, WebBank's motion to dismiss Plaintiff's

Rosenthal Act claims for lack of subject matter jurisdiction is **GRANTED.**

WebBank's motion to dismiss Plaintiff's FCRA claim against WebBank is

**DENIED.**

**BACKGROUND**

## A. Factual Background

As explained below, WebBank makes a facial attack on subject matter

jurisdiction and argues that Plaintiff's Complaint fails to state a claim upon which

relief can be granted. Therefore, the Court presumes all facts as alleged in the

Complaint are true. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th

Cir. 2004) (standard for Fed. R. Civ. P. 12(b)(1)); *Barker v. Riverside Cnty. Office*

*of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (standard for Fed. R. Civ. P. 12(b)(6)).

The facts as alleges are as follows.

Plaintiff is a resident of Spokane, Washington. ECF No. 1-1 at 3 ¶ 1.

WebBank is a corporation headquartered in Utah that regularly conducts business

in Washington. ECF No. 1-1 at 3 ¶ 2. WebBank, in the ordinary course of

business, furnishes information relating to consumer transactions to credit

reporting agencies. ECF No. 1-1 at 3 ¶ 2. On or about November 2014, Plaintiff

incurred a personal debt from "Fingerhut" through WebBank. ECF No. 1-1 at 4 ¶

ORDER - 2

1    11.  As a result, WebBank placed "trade lines" on Plaintiff's credit report.[1]  ECF

2    No. 1-1 at 5 ¶ 12.

3        Plaintiff, in reviewing her credit report, noticed an error.  ECF No. 1-1 at 5 ¶

4    13.  Experian, a consumer reporting agency and a non-moving defendant in this

5    case, reported more recent dates than were accurate for the Fingerhut account.

6    ECF No. 1-1 at 5 ¶ 13.  Specifically, the "Date of Status"[2] on Plaintiff's credit

7    report for the Fingerhut account was reported as more recent than it had been

8    previously reported, despite no change in the Fingerhut account's status.  ECF No.

9    1-1 at 5 ¶ 14.

10       On March 20, 2020, Plaintiff sent a dispute letter to Experian, disputing the

11   Fingerhut account.  ECF No. 1-1 at 5 ¶ 15.  In response, the Date of Status was

12   changed to February 2017, which was still inaccurate.  ECF No. 1-1 at 5 ¶ 16.

13   _____

14   [1] "Trade lines" are records on a credit account that are provided to credit reporting

15   agencies that describe credit-related items such as mortgages, lines of credit, credit

16   cards, and so on.  *See Cristobal v. Equifax, Inc.*, No. 16-cv-06329-JST, 2017 WL

17   1489274, at *1 n.3 (N.D. Cal. Apr. 26, 2017).

18   [2] The Date of Status "represents the day a debt is deemed uncollectible and thus

19   charged off."  *See Coulter v. Chase Bank USA, N.A.*, No. 18-1538, 2020 WL

20   5820700, at *2 (E.D. Pa. Sept. 30, 2020).

ORDER - 3

Plaintiff alleges "WebBank['s] erroneous reporting to Experian resulted in the date change[,]" ECF No. 1-1 at 5 ¶ 18, and that "[a]fter Plaintiff's requests to investigate, WebBank failed to conduct a reasonable investigation." ECF No. 1-1 at 5 ¶ 19. Plaintiff also alleges that "Experian failed to conduct a reasonable investigation into the accuracy of the trade line and allowed/enabled WebBank to erroneously change reporting dates on Plaintiff's credit report[.]" ECF No. 1-1 at 5 ¶ 20.

Plaintiff alleges damages in the form of injury to credit worthiness and mental anguish, humiliation, and embarrassment. ECF No. 1-1 at 5-6 ¶¶ 23, 24.

**B. Procedural History**

On March 3, 2022, Plaintiff filed her Complaint in the Superior Court of the State of California in Orange County. ECF No. 1-1 at 2. On May 6, 2022, Experian, joined by WebBank, removed the matter to the United States District Court for the Central District of California. ECF No. 1; ECF No. 1-2. On May 13, 2022, WebBank filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 12. WebBank argued that the Central District of California lacked personal jurisdiction and that Plaintiff's Complaint failed to state a claim upon which relief could be granted. ECF No. 12 at 9-18. Plaintiff opposed, and argued that, if the Central District of California lacked personal jurisdiction, the Court should transfer the

ORDER - 4

1   case to the Eastern District of Washington pursuant to 28 U.S.C. § 1406.[3]  ECF

2   No. 18 at 18.

3        On July 25, 2022, the Hon. David O. Carter of the Central District of

4   California, granted WebBank's motion.  ECF No. 26.  Judge Carter concluded that

5   the Central District of California did not have personal jurisdiction over WebBank,

6   and therefore declined to consider WebBank's Fed. R. Civ. P. 12(b)(6) argument.

7   ECF No. 26 at 4.  Judge Carter transferred the case to the Eastern District of

8   Washington, and reserved consideration of the Fed. R. Civ. P. 12(b)(6) argument

9   for this Court.  ECF No. 26 at 4-5.

10       WebBank has refiled its motion to dismiss, amended.  ECF No. 31 at 3-4.

11   WebBank has removed the personal jurisdiction argument, challenges subject

12   matter jurisdiction, and reasserts its Fed. R. Civ. P. 12(b)(6) argument.

13

14

15

16

_____

17   [3] "The district court of a district in which is filed a case laying venue in the wrong

18   division or district shall dismiss, or if it be in the interest of justice, transfer such

19   case to any district or division in which it could have been brought."  28 U.S.C. §

20   1406(a).

ORDER - 5

**LEGAL STANDARD**

**A. Fed. R. Civ. P. 12(b)(1)**

"A [Fed. R. Civ. P. 12(b)(1)] jurisdictional attack may be facial or factual." *Safe Air*, 373 F.3d at 1039. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The reviewing court is to accept the allegations as true and draw all reasonable inferences in the plaintiff's favor "unless challenged by the defendant." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). For a factual attack, the movant challenges the veracity of the allegations. *Safe Air*, 373 F.3d at 1039. "[T]he district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* The reviewing court is not required to accept the allegations as true. *Id.*

**B. Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To avoid dismissal under this rule, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

ORDER - 6

1    that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

2    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3        A court reviewing a Fed. R. Civ. P. 12(b)(6) motion must presume all facts

4    alleged in the complaint as true and draw all reasonable inferences in the plaintiff's

5    favor.  *Id.*; *Barker*, 584 F.3d at 824.  However, a court need not "assume the truth

6    of legal conclusions merely because they are cast in the form of factual

7    allegations."  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

8    Dismissal is appropriate for "lack of a cognizable legal theory" or "absence of

9    sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica*

10   *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

<b>DISCUSSION</b>

11

**A. Rosenthal Act Claims**

12

13       WebBank argues that Plaintiff's claim arising under California's Rosenthal

14   Act should be dismissed because Plaintiff, a resident of Washington, lacks standing

15   to bring the claim.  ECF No. 31 at 6-7.  "Article III federal courts are limited to

16   deciding 'cases' and 'controversies.'"  *Colwell v. HHS*, 558 F.3d 1112, 1121 (9th

17   Cir. 2009) (citing U.S. Const. art. III, § 2).  A plaintiff must have standing to bring

18   a case or controversy.  *Lujan v. Def. of Wildlife*, 504 U.S. 555, 559-60 (1992).

19   Standing requires an "injury in fact—an invasion of a legally protected interest

20   which is (a) concrete and particularized, and (b) actual or imminent, not

ORDER - 7

1    conjectural or hypothetical." *Id.* at 560 (internal quotations and citations

2    removed).

3        WebBank argues that Plaintiff, a Washington resident, has no standing to

4    assert a claim against a Utah corporation under a California statue.  ECF No. 31 at

5    8 (citing *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 908 (N.D. Cal. 2019)).

6    Plaintiff "does not oppose Defendant's motion regarding these claims[,]"

7    recognizing that "this claim is no longer in a California jurisdiction."  ECF No. 38

8    at 4 n.1.  The Court treats the argument as conceded.  Indeed, plaintiffs generally

9    lack standing to assert claims under the laws of states other than those where the

10   plaintiff resides or was injured.  *See Jones*, 400 F. Supp. 3d at 908.  Plaintiff's

11   Rosenthal Act claim against WebBank is dismissed.

12       Plaintiff also brings a claim under the Rosenthal Act against Experian.  ECF

13   No. 1-1 at 9 ¶ 48-52.  The Court must consider whether it has subject-matter

14   jurisdiction over this claim as well.  Fed. R. Civ. P. 12(h)(3) provides that "[i]f the

15   court determines at any time that it lacks subject-matter jurisdiction, the court must

16   dismiss the action."  A district court must *sua sponte* dismiss a claim where it lacks

17   subject matter jurisdiction, regardless of whether the parties raise the issue.  *D'Lil*

18   *v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008); *Scholastic*

19   *Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985-86 (9th Cir. 2003).

20   Plaintiff may not assert a Rosenthal Act claim against Experian for the same reason

ORDER - 8

that Plaintiff may not assert such a claim against WebBank.  Plaintiff's Rosenthal

Act claim against Experian is dismissed.

**B. FCRA Claim against WebBank**

The FCRA's purpose is to "ensure accurate reporting about the 'credit

worthiness, credit standing, credit capacity, character, and general reputation of

consumers.'"  *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1250-51 (9th Cir. 2022)

(quoting 15 U.S.C. § 1681(a)(2)).  The FCRA imposes civil liability for willful,

knowing, and negligent noncompliance.  15 U.S.C. §§ 1681n, 1681o.

Plaintiff's Complaint alleges that WebBank is a "furnisher" for FCRA

purposes.  ECF No. 1-1 at 3 ¶ 2.  Section 1681s-2 provides the "[r]esponsibilities

of furnishers of information to consumer reporting agencies[.]"  Section 1681s-2(b)

provides the "[d]uties of furnishers of information upon notice of dispute."  In

general, furnishers, upon notice of a dispute of the accuracy of information

provided to a consumer reporting agency ("CRA"), must do as follows:

    (A)    conduct an investigation with respect to the disputed information;

    (B)    review all relevant information provided by the consumer reporting agency pursuant to [15 USCS § 1681i(a)(2)];

    (C)    report the results of the investigation to the consumer reporting agency;

    (D)    if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

ORDER - 9

1

    (E)    if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

2

3

        (i)    modify that item of information;

4

        (ii)    delete that item of information; or

        (iii)    permanently block the reporting of that item of information.

5

6

15 U.S.C. § 1681s-2(b)(1); *see also Gorman v. Wolpoff & Abramson, LLP*, 584

7

F.3d 1147, 1154 (9th Cir. 2009) ("These duties arise only after the furnisher

8

receives notice of dispute from a CRA.") (citing 15 U.S.C. § 1681s-2(b)(1)).  The

9

investigation imposed upon a furnisher under Section 1681s-2(b)(1) "must be at

10

least reasonable and non-cursory."  *Gross*, 33 F.4th at 1251 (internal quotations

11

omitted).  A plaintiff pursuing a lawsuit against a furnisher must establish that the

12

contested information is inaccurate.  *Id.*

13

      WebBank does not contest that it is a furnisher of information but argues

14

that Plaintiff has not sufficiently alleged that WebBank failed its FCRA

15

obligations.  ECF No. 31 at 12-13.  WebBank's argument is twofold.  First,

16

WebBank challenges Plaintiff's allegations, contending that "the information that

17

Plaintiff pleads is inaccurate is not even reported by WebBank."  ECF No. 31 at

18

13-14.  Second, WebBank assets that Plaintiff fails to allege that WebBank

19

received notice from a CRA, thus giving rise to its Section 1681s-2(b) obligations.

20

The Court considers each argument in turn.

ORDER - 10

1          *1. Whether Plaintiff Sufficiently Alleges Inaccurate Information*

2          WebBank argues that, in its standard practice in dealing with notices of

3   dispute from consumer reporting agencies, it does not provide the information that

4   Plaintiff alleges was inaccurate in her statement.  Therefore, WebBank argues,

5   Plaintiff has failed to plead that WebBank provided inaccurate information.

6   WebBank asks the Court to consider documents outside the Complaint.  ECF No.

7   32 at 14 n.1.  WebBank argues that the Court may consider this additional

8   information because "Plaintiff has made it a part of the Compliant when she

9   provided the procedures by which CRAs and furnishers report information about

10  consumers under the FCRA."  ECF No. 31 at 14 at n.1; *see also* ECF No. 39 at 3.

11         WebBank asks the Court to consider documents related to disputes over the

12  accuracy of information in a credit report.  WebBank explains that, when it

13  receives a dispute, it uses two forms to confirm the accuracy of information, the

14  "automated consumer dispute verification form" ("ACDV"), and the "Metro 2"

15  reporting system.  ECF No. 31 at 5.  WebBank submits a blank ACDV form for the

16  Court's review.  ECF No. 12-3.  WebBank argues that there are no fields on the

17  ACDV form entitled "Date of Status" or "First Reported Date."  ECF No. 31 at 14.

18  WebBank directs the Court to the Consumer Data Industry Association's website,

19  which provides general information on the Metro 2 Format.  Metro 2® Format for

20  Credit Reporting, Consumer Data Industry Association,

ORDER - 11

1    https://www.cdiaonline.org/resources/ furnishers-of-data-overview/metro2-

2    information/ (last visited March 21, 2023).  WebBank, in conclusory fashion,

3    offers that "[t]he Metro 2 reporting format . . . meets all requirements for data

4    furnishers under the FCRA."  ECF No. 31 at 6.  For this conclusion, WebBank

5    cites to the Declaration of Kelly Gray, the Manager of Credit Bureau Reporting at

6    BLST Operating Company, LLC.  ECF No. 12-4.  Ms. Gray further claims that

7    "[t]he Metro 2 form does *not* have a reporting field for 'Date of Status' or 'First

8    Reported Date.'"  ECF No. 12-4 at 5 ¶ 19.

9         For a court to consider materials not attached to a complaint, the complaint

10   must "necessarily rel[y]" upon them and their authenticity must be uncontested.

11   *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Coto Settlement v.*

12   *Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  For incorporation, a document's

13   contents must be described within and be integral to the complaint.  *See Orellana*

14   *v. Mayorkas*, 6 F.4th 1034, 1042-43 (9th Cir. 2021).  "The doctrine [of

15   incorporation] is meant to prevent plaintiffs 'from selecting only portions of

16   documents that support their claims, while omitting portions of those very

17   documents that weaken—or doom—their claims.'"  *C.B. v. Moreno Valley Unified*

18   *Sch. Dist.*, 544 F. Supp. 3d 973, 988-89 (C.D. Cal. 2021) (quoting *Khoja v.*

19   *Orexigen Theraputics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)).  The material

20

ORDER - 12

1    WebBank provided to the Court was not necessarily relied upon by Plaintiff in her

2    Complaint nor incorporated by reference.

3       In essence, WebBank asks the Court to dismiss Plaintiff's Complaint

4    because WebBank has certain internal processes which ensure compliance with the

5    FCRA.  Plaintiff's Complaint broadly describes some details of WebBank and

6    Experian's dispute resolution process, *see* ECF No. 1-1 at 5 ¶¶ 13-23, but does not

7    necessarily rely upon, or mention, any particular form or process.  It is not

8    necessary for Plaintiff to prove deficiencies in the forms for her claim to succeed.

9    Plaintiff does not attempt to obscure any aspect of the case by failing to include the

10    forms in her Complaint.  It would be inappropriate for the Court to consider

11    WebBank's additional material at this stage.

12       WebBank has not proven that those processes were adhered to in this

13    instance and that those processes are adequate.  This is a factual dispute.  A factual

14    dispute cannot be the basis of dismissal under Fed. R. Civ. P. 12(b)(6).  Further,

15    adherence to industry guidelines is not a defense to FCRA liability.  *See Coulter*,

16    2020 WL 5820700, at *12; *Florence v. Cenlar Fed. S&L*, No. 16-587, 2018 WL

17    1145804, at *7 (D. Nev. Mar. 1, 2018); *Burrows v. Experian Info. Sols., Inc.*, No.

18    16-6356, 2017 WL 1046973, at *7 (N.D. Cal. Mar. 20, 2017).

19       Turning to the adequacy of Plaintiff's allegations, Plaintiff must allege

20    inaccurate or incomplete information.  *Gross*, 33 F.4th at 1251.  Plaintiff's

ORDER - 13

Complaint alleges that her credit report contains an inaccurate Date of Status for the Fingerhut account.  ECF No. 1-1 at 5 ¶ 16.  WebBank focuses upon the "Date of Status" and the "First Reported Date," arguing that it does not provide such data to CRAs.  ECF No. 31 at 14-15.  As Plaintiff highlights, this fact does not foreclose the possibility that information WebBank provides to CRAs eventually becomes the Date of Status or the First Reported Date.  ECF No. 38 at 6-8.  In *Coulter*, the Eastern District of Pennsylvania rejected a similar argument to what WebBank argues, here, in denying summary judgment.  *Coulter*, 2020 WL 5820700, at *10.  There, the lender defendant "concede[d] that it originated the information which led to Plaintiff's Date of Status[.]"  *Id.*  The court observed that ACDVs do not have a Date of Status field but could not grant summary judgment because of the remaining dispute over whether the information that the lender defendant provided resulted in the Date of Status.  *Id.*  The Court similarly cannot foreclose the possibility here, prior to an opportunity for discovery.  Plaintiff's Complaint sufficiently alleges that the information on her credit report is inaccurate, which is all that is required at this stage.

Plaintiff must allege that WebBank's investigation was unreasonable. *Gross*, 33 F.4th at 1252.  Plaintiff alleges that "[u]pon information and belief, WebBank['s] erroneous reporting to Experian resulted in the date change."  ECF No. 1-1 at 5 ¶ 18.  Plaintiff alleges that "WebBank failed to conduct a reasonable

ORDER - 14

investigation."  ECF No. 1-1 at 5 ¶ 19.  Although Plaintiff's allegations are

somewhat unspecific, this allegation is sufficient to survive a Fed. R. Civ. P.

12(b)(6) challenge.  It is plausible that WebBank's investigation resulted in the

erroneous information on Plaintiff's credit report and that the investigation was

unreasonable.  WebBank's motion to dismiss Plaintiff's FCRA claim against it is

denied.

>    2.  *Whether Plaintiff Alleges that WebBank was Notified of a Dispute*

WebBank argues that Plaintiff's Complaint "never alleges that WebBank

received notice of the dispute from the credit reporting agency."  ECF No. 31 at

15.[4]  Plaintiff argues that her Complaint, at the very least, adequately infers that

WebBank received notice of her dispute.  ECF No. 38 at 9.

---

[4] WebBank cites to two unreported out-of-district cases to establish four distinct

elements that a Section 1681s-2(b) claim must include to survive dismissal under

Fed. R. Civ. P. 12(b)(6).  ECF No. 31 at 12 (citing *Perez v. Medicredit*, No. SACV

18-2283JVS(JDEx), 2019 WL 3063514, at *4 (C.D. Cal. Mar. 14, 2019); *Ali v.

Long Beach Acceptance Corp.*, No. CIV-F-07-1062 AWI SMS, 2007 WL

3335015, at *3 (E.D. Cal. Nov. 9, 2007)).  The Court declines to adopt the rigidity

of that approach but broadly agrees that the elements would state a Section 1681s-

2(b) claim.

ORDER - 15

1    Plaintiff's Complaint offers factual allegations giving rise to the inference

2   that WebBank was notified of the dispute, as follows:  "Upon information and

3   belief, WebBank erroneous[ly] report[ed] to Experian result[ing] in the date

4   change[,]" ECF No. 1-1 at 5 ¶ 18; "WebBank willfully and negligently failed to

5   properly participate, investigate, and comply with the reinvestigations that were

6   conducted by any and all credit reporting agencies, concerning the inaccurate

7   information disputed by Plaintiff[,]" ECF No. 1-1 at 6 ¶ 30; and "WebBank

8   willfully and negligently failed to comply with the requirements imposed on

9   furnishers of information pursuant to 15 U.S.C. § 1681s-2(b)."  ECF No. 1-1 at 6 ¶

10  32.

11    The Court is required to accept factual allegations as true and draw

12  reasonable inferences in Plaintiff's favor.  *Barker*, 584 F.3d at 824.  Fed. R. Civ. P.

13  8(a)(2)'s demand that a pleading contain "a short and plain statement of the claim

14  showing that the pleader is entitled to relief" is necessary to "give the defendant

15  fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*,

16  550 U.S. at 555.  Plaintiff's Complaint alleges sufficient factual matter to put

17

18

19

20

ORDER - 16

WebBank on notice of the nature of the FCRA claim against it.  WebBank's

motion to dismiss on this ground is denied.[5]

Plaintiff requests leave to amend in the event that the Court determines that

her Complaint is deficient for this reason.  "The court should freely give leave [to

amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Carolina Cas. Ins. Co.

v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014).  Plaintiff may amend

her Complaint to state her claim more definitively, if she so chooses.

## CONCLUSION

For the reasons stated above, the Court lacks subject matter jurisdiction to

hear Plaintiff's Rosenthal Act claims against WebBank and Experian.  However,

Plaintiff's Complaint adequately states a claim for which relief can be granted

pursuant to the FCRA.

Accordingly, **IT IS HEREBY ORDERED**:

---

[5] As the Seventh Circuit has observed, the CRA need not tell a consumer when it

notifies a furnisher of information about the dispute.  *Lang v. TCF Nat'l Bank*, 249

Fed. App'x 464, 466-67 (7th Cir. 2007) (not reported).  "As a result a consumer

may not, at the time of filing a complaint, be in a position to allege that

notification."  *Id.* at 466.  WebBank is free to establish at summary judgment that it

was never notified of Plaintiff's dispute.

ORDER - 17

1    1.    WebBank's Amended Motion to Dismiss, **ECF No. 31**, is

2  **GRANTED IN PART** and **DENIED IN PART**.

3    2.    Counts III and IV of Plaintiff's Complaint, ECF No. 1-1, are

4  **DISMISSED** as described herein.

5    3.    If Plaintiff determines that an amended complaint is needed, as

6  described herein, she shall file one **on or before April 11, 2023.**

7    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

8  Order and provide copies to the parties.

9    DATED March 28, 2023.

10                                _s/Mary K. Dimke_
                                MARY K. DIMKE
11                        UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

ORDER - 18