Matthew D. Clark, WSBA No. 39514
FAEGRE DRINKER BIDDLE & REATH LLP
1470 Walnut Street, Suite 300
Boulder, CO 80302
Phone: (303) 447-7727
Fax:   (303) 447-7800
Email: matthew.clark@faegredrinker.com

**Agent for Service:**
CT Corporation
Service Agent for Matthew D. Clark
520 Pike St, Suite 985
Seattle, WA 98101-1366

*Attorney for Defendant*
*WEBBANK*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONDA LUFT, | Case No. 2:22-cv-00182-MKD |
| Plaintiff, | |
| v. | **WEBBANK'S ANSWER TO COMPLAINT** |
| WEBBANK; and EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendants. | |

Defendant WebBank, by and through undersigned counsel, answers the Complaint of Plaintiff, Ronda Luft (hereinafter "Plaintiff") as follows:

**PARTIES**

1.      Plaintiff is a natural person, who at all relevant times has resided in Spokane, Washington and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

WEBBANK'S ANSWER TO COMPLAINT-1
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO  80302
+1 303 447 7700

US.356577320.02

2.      Defendant WebBank is a corporation regularly conducting business in the State of Washington with its corporate address 215 South State Street, Suite 1000, Salt Lake City, UT 84111. WebBank regularly, and in the ordinary course of business, furnishes information to various consumer reporting agencies regarding WebBank's transactions with consumers and is a "furnisher" of information as contemplated by FCRA §1681s-2(a) & (b).

**ANSWER**:    WebBank admits that it is a FDIC-insured, state-chartered industrial bank that is located at 215 S. State Street, Suite 1000, Salt Lake City, UT 84111. WebBank further admits that it is a "furnisher" as that term is used in the Fair Credit Reporting Act ("FCRA"). To the extent that the allegations in paragraph 2 purport to allege allegations inconsistent with the FCRA, WebBank denies the allegations. WebBank denies any remaining allegations in paragraph 2.

3.      Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Washington with its principal place of business as 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a "consumer reporting agency", as defined in 15 U.S.C. § 1681a(F), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

**ANSWER**:    Because the allegations in paragraph 3 concern another defendant, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## BACKGROUND

4.      There are two types of reporting entities on consumer credit reports. One type of reporting entity is the credit reporting agency ("CRA"), which reports

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO  80302
+1 303  447 7700

US.356577320.02

information about the Plaintiff to users of these credit reports. The second type is called a Furnisher in the credit reporting industry. A Furnisher is a creditor that furnishes information related to its experience with the Plaintiff to the CRAs.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5. Credit reporting activities of both the CRAs and Furnishers are regulated by the FCRA.

**ANSWER**: WebBank admits that portions of the FCRA apply to CRAs and Furnishers, as those terms are defied in the FCRA. WebBank denies any remaining allegations in paragraph 5.

6. The FCRA's purpose is to ensure that CRAs and Furnishers follow proper procedure in ensuring that a consumer's credit report is reporting accurately.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7. Every credit report contains a number of lines representing a placeholder for a specific Furnisher to report about a debt or credit line incurred by a consumer. These lines are known a trade lines.

**ANSWER**: WebBank admits that Furnishers report information about consumer credit or debt. WebBank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies them.

8. Trade lines have a number of fields which convey a significant amount of information to prospective creditors and which directly affect FICO credit scores.

WEBBANK'S ANSWER TO COMPLAINT-3
CASE NO. 2:22-CV-00182-MKD

US.356577320.02

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them.

9. The Date of Status field represents the day a debt is deemed uncollectible and thus charged off. *Toliver v. Experian Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013). The Date of Status corresponds to a separate Status segment of the trade line. The Status segment reveals various forms of information concerning the trade line. The Date of Status should remain uniform throughout each credit report disclosing the trade line as this date does not change regardless of whether the original creditor sells the debt to a third party.

**ANSWER**: The allegations in paragraph 9 assert a legal conclusion to which no response is necessary. To the extent a response is required, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

10. The First Reported date reflects the date in which the debt had its first major delinquency or was first reported to the credit bureaus. *Toliver,* 973 F. Supp. 2d at 723. This date also cannot be changed.

**ANSWER**: The allegations in paragraph 10 assert a legal conclusion to which no response is necessary. To the extent a response is required, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## FACTUAL STATEMENT

11. Plaintiff allegedly incurred a personal debt from Fingerhut through WebBank on or about November 2014.

WEBBANK'S ANSWER TO COMPLAINT-4
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

US.356577320.02

**ANSWER**: WebBank admits only that Plaintiff applied and was approved for a WebBank/Fingerhut credit account in November 2014 and made a purchase that month. WebBank denies any remaining allegations in paragraph

12. WebBank placed trade lines on Plaintiff's credit report bearing the account number 6369

**ANSWER**: WebBank admits only that it accurately reported Plaintiff's WebBank/Fingerhut account beginning with 6369. WebBank denies any remaining allegations in paragraph 12.

13. In reviewing Plaintiff's Experian credit report, Plaintiff noticed that Experian was reporting more recent dates than were accurate for this account.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14. Specifically, the dates for the WebBank accounts' Date of Status were reporting as more recent dates than previously reported, despite no change in the WebBank's account status.

**ANSWER**: To the extent that the allegations in paragraph 14 concern WebBank, WebBank denies that it has violated the FCRA. To the extent that the allegations in paragraph 14 concern another defendant, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them. WebBank denies any remaining allegations.

15. In a dispute letter to Experian dated March 20th, 2020, Plaintiff disputed the WebBank account.

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

US.356577320.02

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16.    In response to the dispute letter to Experian the WebBank account's Date of Status was then changed to February 2017 when in fact it should have been years earlier.

**ANSWER**:  To the extent that the allegations in paragraph 16 concern WebBank, WebBank denies that it has violated the FCRA. To the extent that the allegations in paragraph 16 concern another defendant, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them. WebBank denies any remaining allegations.

17.    As mentioned above, the Date of Status and First Reported Date are static and cannot accurately change because there was no change in account history.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18.    Upon information and belief, WebBank erroneous reporting to Experian resulted in the date change.

**ANSWER**:  WebBank denies the allegations in paragraph 18.

19.    After Plaintiffs requests to investigate, WebBank failed to conduct a reasonable investigation.

**ANSWER**:  WebBank denies the allegations in paragraph 19.

20.    Experian failed to conduct a reasonable investigation into the accuracy of the trade line and allowed/enabled WebBank to erroneously change reporting dates on Plaintiff's credit report.

WEBBANK'S ANSWER TO COMPLAINT-6
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO  80302
+1 303 447 7700

US.356577320.02

**ANSWER**: To the extent that the allegations in paragraph 20 concern WebBank, WebBank denies the allegations. To the extent that the allegations in paragraph 20 concern another defendant, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

21.    Alternatively, Experian itself changed the dates.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22.    After Plaintiff's requests to reinvestigate, Experian failed to conduct a reasonable reinvestigation.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23.    As a direct and proximate cause of Defendants' failure to perform their duties under the FCRA, Plaintiff has suffered injury to credit worthiness.

**ANSWER**: To the extent that the allegations in paragraph 23 concern WebBank, WebBank denies the allegations. To the extent that the allegations in paragraph 23 concern another defendant, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

24.    Plaintiff has also suffered actual damages, mental anguish, humiliation, and embarrassment.

**ANSWER**: WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

WEBBANK'S ANSWER TO COMPLAINT-7
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

US.356577320.02

# COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## BY WEBBANK

25. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

**ANSWER**: WebBank incorporates by reference its responses to the foregoing paragraphs of the Complaint.

26. At all times pertinent hereto, WebBank was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

**ANSWER**: With respect to the allegations in paragraph 26, WebBank admits for the purposes of this case only that it is a person as contemplated by the FCRA.

27. WebBank willfully and negligently supplied Experian with information about Plaintiff that was false, misleading, and inaccurate.

**ANSWER**: WebBank denies the allegations in paragraph 27.

28. WebBank willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed.

**ANSWER**: WebBank denies the allegations in paragraph 28.

29. WebBank willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

**ANSWER**: WebBank denies the allegations in paragraph 29.

30. WebBank willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

**ANSWER**: WebBank denies the allegations in paragraph 30.

WEBBANK'S ANSWER TO COMPLAINT-8
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

US.356577320.02

31.    WebBank willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

**ANSWER**:  WebBank denies the allegations in paragraph 31.

32.    WebBank willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

**ANSWER**: The allegations in paragraph 32 assert a legal conclusion to which no response is necessary. To the extent a response is required, WebBank denies the allegations.

33.    Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports with the WebBank errors to third parties regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a

**ANSWER**:  To the extent that the allegations in paragraph 33 concern WebBank, WebBank denies the allegations. To the extent that the allegations in paragraph 33 concern another defendant, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

34.    As a direct and proximate cause of WebBank's failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit, Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness.

**ANSWER**:  WebBank denies the allegations in paragraph 34.

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO  80302
+1 303  447 7700

US.356577320.02

35.    WebBank's conduct, action and inaction were willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, WebBank was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**ANSWER**:  WebBank denies the allegations in paragraph 35.

WHEREFORE, PLAINTIFF PRAYS that this Court grant him a judgment against WebBank for the greater of statutory or actual damages plus punitive damages along with costs, interest, and attorney's fees.

**ANSWER**:  WebBank further denies that Plaintiff is entitled to any relief sought in the WHEREFORE paragraph immediately following paragraph 35.

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## BY EXPERIAN

36.    Plaintiff repeats, re-alleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

**ANSWER**:  WebBank incorporates by reference its responses to the foregoing paragraphs of the Complaint.

37.    Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports to third parties regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

**ANSWER**:  The allegations in paragraph 37 assert a legal conclusion to which no response is necessary. To the extent a response is required, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

WEBBANK'S ANSWER TO COMPLAINT-10
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

US.356577320.02

38.    Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

**ANSWER**: The allegations in paragraph 38 assert a legal conclusion to which no response is necessary. To the extent a response is required, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.

39.    After receiving Plaintiff's dispute highlighting the errors, Experian negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

**ANSWER**: The allegations in paragraph 39 assert a legal conclusion to which no response is necessary. To the extent a response is required, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies them.

40.    As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies them.

41.    Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness.

**ANSWER**:  WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies them.

WEBBANK'S ANSWER TO COMPLAINT-11
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO  80302
+1 303  447 7700

US.356577320.02

42. Experian's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under **15** U.S.C. § 1681o.

**ANSWER**: The allegations in paragraph 42 assert a legal conclusion to which no response is necessary. To the extent a response is required, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

WHEREFORE, PLAINTIFF PRAYS that this Court grant Plaintiff a judgment against Experian for the greater of statutory or actual damages plus punitive damages along with costs, interest, and attorney's fees.

**ANSWER**: Because the allegations in the WHEREFORE paragraph immediately following paragraph 42 concern another defendant, WebBank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## COUNT III

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACTs

## CALIFORNIA CIVIL CODE 44 1788.17 BY WEBBANK

43. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

**ANSWER**: This claim has been dismissed; thus, no answer is required.

44. The Rosenthal Act, California Civil Code § 1788.17, requires every creditor (Defendant) attempting to collect a consumer debt to comply with the

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

US.356577320.02

provisions of "Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code."

**ANSWER**: This claim has been dismissed; thus, no answer is required.

45. Defendant WebBank collection attempts violate 15 U.S.C. § 1692c(b), and thereby also violate the Rosenthal Act, California Civil Code §§ 1788.17, as well as any other applicable provisions.

**ANSWER**: This claim has been dismissed; thus, no answer is required.

46. WebBank's actions were knowing and willful.

**ANSWER**: This claim has been dismissed; thus, no answer is required.

47. As a result of WebBank's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

**ANSWER**: This claim has been dismissed; thus, no answer is required.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against WebBank for statutory and actual damages, along with costs, interest, and attorney's fees.

**ANSWER**: This claim has been dismissed; thus, no answer is required.

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE 4§ 1788.17 BY EXPERIAN

48. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

**ANSWER**: This claim has been dismissed; thus, no answer is required.

49. The Rosenthal Act, California Civil Code § 1788.17, requires every creditor (Defendant) attempting to collect a consumer debt to comply with the

WEBBANK'S ANSWER TO COMPLAINT-13
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

US.356577320.02

provisions of "Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code."

**ANSWER**: This claim has been dismissed; thus, no answer is required.

50.    Defendant Experian's collection attempts violate 15 U.S.C. § 1692c(b), and thereby also violate the Rosenthal Act, California Civil Code §§ 1788.17, as well as any other applicable provisions.

**ANSWER**: This claim has been dismissed; thus, no answer is required.

51.    Experian's actions were knowing and willful.

**ANSWER**: This claim has been dismissed; thus, no answer is required.

52.    As a result of WebBank's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

**ANSWER**: This claim has been dismissed; thus, no answer is required.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Experian for statutory and actual damages, along with costs, interest, and attorney's fees.

**ANSWER**: This claim has been dismissed; thus, no answer is required.

## JURY TRIAL DEMAND

53.    Plaintiff demands a jury trial on all issues so triable.

**ANSWER**: WebBank admits only that Plaintiff has requested a jury trial.

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

US.356577320.02

**AFFIRMATIVE DEFENSES**

1. Plaintiff failed to mitigate her damages, if any.

2. Plaintiff's damages, if any, were caused by the actions and/or inaction of third parties and/or intervening causes over which WebBank has no control.

3. WebBank acted at all times in compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and it is entitled to each and every defense stated in the Act and any and all limitations of liability.

4. WebBank acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

5. The alleged actions of WebBank were not the proximate cause of any injury or loss allegedly suffered by Plaintiff.

6. Plaintiff is estopped from recovering from WebBank.

7. WebBank pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.

8. Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account. WebBank reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

9. WebBank reserves the right to supplement its affirmative defenses as it continues with its factual investigation of Plaintiff's claims.

WHEREFORE, WebBank respectfully requests that this Court:

a. Dismiss all of Plaintiff's claims against WebBank on the merits and with prejudice;

b. Award WebBank all costs, disbursements, and reasonable attorneys' fees allowed by law; and

WEBBANK'S ANSWER TO COMPLAINT-15
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

US.356577320.02

c.    Grant WebBank any other relief that the Court deems just and equitable.

Dated: April 11, 2023                    FAEGRE DRINKER BIDDLE & REATH LLP


By: */s/ Matthew D. Clark*
Matthew D. Clark

Attorneys for Defendant
WEBBANK

WEBBANK'S ANSWER TO COMPLAINT-16
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO  80302
+1 303  447 7700

US.356577320.02

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2023, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

Dated: <u>April 11, 2023</u>

<u>/s/ Matthew D. Clark</u>
Matthew D. Clark, WSBA #39514
Attorney for WebBank
Faegre Drinker Biddle & Reath LLP
1470 Walnut Street, Suite 300
Boulder, CO 80302
Phone: (303) 447-7700
Fax: (303) 447-7800
Email: matthew.clark@faegredrinker.com

**Agent for Service:**
CT Corporation
Service Agent for Matthew D. Clark
520 Pike St, Suite 985
Seattle, WA 98101-1366

WEBBANK'S ANSWER TO COMPLAINT-17
CASE NO. 2:22-CV-00182-MKD

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

US.356577320.02